UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VITA-MIX CORPORATION, | : | CIVIL ACTION NO.: |
| Plaintiff, | : | JUDGE: |
| v. | : | |
| BACK TO BASICS PRODUCTS, INC. | : | DEMAND FOR JURY TRIAL |
| Defendant. | : | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vita-Mix Corporation ("Vita-Mix"), for its complaint against defendant Back to Basics Products, Inc. ("Back to Basics"), alleges and states as follows:

**I.    INTRODUCTION**

1.    This is an action for damages and injunctive relief to remedy the infringement by Back to Basics of United States Letters Patent No. 5,302,021 (the "'021 Patent"), and for false designation of origin under § 43(a) of the Lanham Act, violation of the Ohio Deceptive Trade Practices Act, common law trademark infringement and unfair competition.

**II.   THE PARTIES**

2.    Vita-Mix is an Ohio corporation with its principal place of business at 8615 Usher Road, Olmsted Township, Ohio 44138.

3.    Vita-Mix designs, manufactures, and sells blenders for the consumer and professional markets. Vita-Mix's blenders and mixers can perform dozens of specialized kitchen functions that include: grinding grain, cooking soup, mixing juice for whole fruits and vegetables, kneading dough, creating frozen drinks, and making ice cream. Vita-Mix's blenders and mixers are quality engineered for outstanding durability and versatility.

{921430:9}

4. Back to Basics is a Utah corporation with its principal place of business in Bluffdale, Utah.

5. Back to Basics manufactures, uses, offers for sale, sells, and imports kitchen products, including blenders.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this patent infringement action pursuant to 35 U.S.C. §§ 271 and 281, and 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Back to Basics because Back to Basics regularly sells and distributes products in this judicial district that infringe claim 1 of the '021 Patent, Back to Basics regularly solicits business in Ohio and in this judicial district, Back to Basics regularly engages in a persistent course of conduct by conducting business in Ohio and in this judicial district, and Back to Basics regularly derives revenue from goods sold and used in Ohio and in this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Vita-Mix's claim of patent infringement against Back to Basics occurred in this district. Venue also is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) because this Court has personal jurisdiction over Back to Basics, and pursuant to 28 U.S.C. § 1400(b) because Back to Basics has sold its products to numerous retailers with stores located in this judicial district that sell Back to Basics' products, including but not limited to Costco Wholesale Corporation, Target Corporation, Wal-Mart Stores, Inc., Dillards, Inc., and Sears, Roebuck and Co., and because Back to Basics has committed, and continues to commit, acts of infringement in this judicial district.

IV. **FACTUAL BACKGROUND**

    A. **Vita-Mix and Its '021 Patent**

    9.    On April 12, 1994, the '021 Patent, entitled "Method of Preventing the Formation of an Air Pocket in a Blender," was duly and legally issued to Vita-Mix. A true and accurate copy of the '021 Patent is attached hereto as Exhibit A.

    10.    At all times since April 12, 1994, Vita-Mix has been, and continues to be, the sole owner of all right, title and interest in and to the '021 Patent, including the exclusive right to recover for infringement of the '021 Patent.

    11.    Claim 1 of the '021 Patent recites a method of preventing the formation of an air pocket, as follows:

> A method of preventing the formation of an air pocket around rotating blades positioned in a pitcher of a blender, the air pocket being created from an air channel of a cross-sectional size defined by a member associated with the blades, comprising the steps of supplying a fluid into the pitcher, and positioning a plunger, having a cross-sectional size approximating the cross-sectional size of the member, adjacent to and above the rotating blades while maintaining the plunger free of contact with the pitcher thereby preventing the formation of an air pocket in the fluid around the rotating blades.

    B. **Back to Basics' Infringing Blenders**

    12.    Back to Basics has manufactured, offered for sale, sold, used, or imported, and continues to manufacture, offer for sale, sell, use or import, one or more blenders that are capable of infringing claim 1 of the '021 Patent, including, but not limited to, the blenders depicted on Back to Basics' advertisements on its *www.backtobasicsproducts.com* website; true and accurate exemplars of which are attached as Exhibit B (collectively, "Blenders").

13. Upon information and belief, Back to Basics previously manufactured, offered for sale, sold or imported Blenders that are no longer sold by Back to Basics and are not shown in the advertisements attached as Exhibit B.

14. In use, Back to Basics' Blenders are capable of preventing the formation of an air pocket around the rotating blades.

15. Back to Basics has advertised on its packaging for the Blenders that the Blenders include a "stir stick" capable of breaking up "air pockets." A true and accurate exemplar of such advertising on Back to Basics' Blender packaging is attached as Exhibit C.

16. Back to Basics also has advertised on its website *www.backtobasicsproducts.com* that the Blenders have a stir stick that is capable of breaking up "air pockets."

17. Back to Basics also has stated in the instruction manual for the Blenders that such Blenders include a stir stick capable of breaking up "air pockets."

18. Back to Basics' Blenders include a pitcher.

19. Back to Basics' Blenders include rotating blades.

20. In use, Back to Basics' Blenders are capable of forming an air pocket around the rotating blades.

21. The air pocket that Back to Basics' Blenders are capable of forming during use is created from an air channel of a cross-sectional size defined by a member associated with the blades.

22. In use, the stir stick of Back to Basics' Blenders is positioned adjacent to and above the rotating blades.

23. The stir stick of Back to Basics' Blenders has a cross-sectional size approximating the cross-sectional size of a member associated with the blades.

24. The stir stick of Back to Basics' Blenders can be maintained free of contact with the pitcher.

25. The stir stick of Back to Basics' Blenders is capable of preventing the formation of an air pocket.

26. Back to Basics' manufacture, offer for sale, sale, use and importation of the Blenders has been without the permission or consent of Vita-Mix.

27. Vita-Mix has not licensed or otherwise granted Back to Basics any rights under the '021 Patent.

C. **Back to Basics' Infringement Has Been Willful**

28. Back to Basics is the exclusive licensee of U.S. Patent No. 6,527,433 (the "'433 Patent") entitled "Beverage mixer with pivoting stir stick and cup indentation," which issued on March 4, 2003, a copy of which is attached as Exhibit D.

29. The '433 Patent issued on U.S. Patent Application Serial No. 10/012,239 (the "'239 Application"), which was filed on November 13, 2001.

30. Back to Basics has been the exclusive licensee of the '433 Patent or the '239 Application since at least March 4, 2003.

31. The first page of the '433 Patent cites the '021 Patent.

32. Thomas E. Daniels, Jr., is the sole named inventor of the '433 Patent.

33. Thomas E. Daniels, Jr., was or has been an officer of Back to Basics since at least 2001.

34. Thomas E. Daniels, Jr., was or has been a shareholder of Back to Basics since at least 2001.

35. Upon information and belief, Thomas E. Daniels, Jr., conceived of and reduced to practice the invention of the '433 Patent within the scope of his employment with Back to Basics.

36. The '433 Patent depicts a preferred embodiment Blender that includes a stir stick identified as **62** in Figure 2, as follows:



Fig. 2

37. Thomas E. Daniels, Jr., cited the '021 Patent to the United States Patent and Trademark Office ("USPTO") during the pendency of the '239 Application.

38. In connection with the prosecution of the '239 Application, Thomas E. Daniels, Jr., submitted an Information Disclosure Statement to the USPTO citing the '021 Patent on or around November 13, 2001, a true and accurate copy of which is attached as Exhibit E.

39. During the prosecution of the '239 Application, the USPTO issued an Office Action on or around May 1, 2002. A true and accurate copy of the May 1, 2002 Office Action is attached as Exhibit F.

40. The May 1, 2002 Office Action includes a rejection of claim 21 of the '239 Application under 35 U.S.C. 102(b) by the '021 Patent.

41. Claim 21 of the '239 Application recited the following:

> a stir stick, extendable through the opening in the lid and into the container, and to be pivotable with respect to the lid.... the stir stick being selectively pivotable and configured to disturb the vortex action of the contents in the container when pivoted.

42. The May 1, 2002 Office Action states that the '021 Patent includes a "stir stick 10."

43. Figure 2 of the '433 Patent depicts each and every limitation recited in rejected claim 21 of the '239 Application.

44. In response to the USPTO's rejection of claim 21 of the '239 Application based on the '021 Patent, Thomas E. Daniels, Jr., cancelled claim 21 of the '239 Application. A true and accurate copy of Thomas E. Daniels, Jr.'s response is attached as Exhibit G.

45. Back to Basics has continuously and systematically marked the Blenders with the '433 Patent subsequent to its issuance.

46. The Blenders include "a stir stick, extendable through the opening in the lid and into the container, and to be pivotable with respect to the lid.... the stir stick being selectively pivotable and configured to disturb the vortex action of the contents in the container when pivoted" as recited by claim 21 of the '239 Application.

47. Because the Blenders fall within the scope of Claim 21 of the '239 Application, Back to Basics has known that the Blenders fall within the scope of claim 1 of the '021 Patent since at least November 13, 2001.

48. Despite having known that the Blenders fall within the scope of claim 1 of the '021 Patent since at least November 13, 2001, Back to Basics has failed to exercise due care to avoid infringement of claim 1 of the '021 Patent and its infringement of claim 1 of the '021 Patent has been willful.

### D. Vita-Mix's 5000 and SUPER 5000 Marks

49. Vita-Mix has, for a number of years used the marks "5000" and "SUPER 5000" in commerce in connection with its blender products and related accessories (collectively, the "5000 Mark").

50. As a result of Vita-Mix' widespread, continuous and longstanding use of the 5000 Mark, the 5000 Mark has become well known nationwide and around the world and is associated in the minds of consumers with blenders and related accessories manufactured or sold by or on behalf of Vita-Mix.

51. Without the authorization or permission of Vita-Mix, Back to Basics is and has been offering and selling blenders and/or accessories using the 5000 Mark known as the "Blender Solution 5000." A true and accurate copy of an advertisement for Back to Basics' "Blender Solution 5000" blender is attached as Exhibit B.

52. Unauthorized use of the 5000 Mark by Back to Basics has caused Vita-Mix substantial and irreparable injury by depriving Vita-Mix of its absolute right to determine the manner in which the 5000 Mark is represented to the general public through merchandising and marketing.

53. Back to Basics has unlawfully exploited the commercial value Vita-Mix has developed in the 5000 Mark and has caused actual confusion and/or the likelihood of further confusion as to the origin of the products being sold by Back to Basics and Vita-Mix's sponsorship of or affiliation with Back to Basics.

54. Vita-Mix has been and will continue to be irreparably damaged until such time as this Court enjoins Back to Basics' unlawful use of the 5000 Mark.

V.  **COUNT 1 – PATENT INFRINGEMENT**

55. Vita-Mix incorporates by reference the preceding paragraphs as if fully alleged herein.

56. Back to Basics has been and is now directly infringing, contributorily infringing, and inducing infringement of claim 1 of the '021 Patent by making, using, importing, offering for sale, or selling blenders that are capable of practicing the method of claim 1 of the '021 Patent within this judicial district and elsewhere in the United States.

57. Back to Basics has knowingly infringed the '021 Patent and Back to Basics' direct, contributory, and inducement of infringement has been and is willful and deliberate, and Back to Basics will continue its infringing activities unless restrained by this Court.

58. Back to Basics has profited and will continue to profit by its infringing activities.

59. Vita-Mix has been damaged by Back to Basics' infringing activities and will continue to be irreparably injured unless these infringing activities are enjoined by this Court.

VI. **COUNT 2 – FALSE DESIGNATION OF ORIGIN UNDER § 43(a) OF THE LANHAM ACT – 15 U.S.C. § 1125(a)**

60. Vita-Mix incorporates by reference the preceding paragraphs as if fully alleged herein.

{921430:9}  9

61. Back to Basics' use of Vita-Mix's 5000 Mark on its blender products constitutes false designation of origin under 15 U.S.C. § 1125(a), *i.e.,* § 43(a) of the Lanham Act.

62. Defendants' false designation of origin is and has been likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Back to Basics with Vita-Mix, or as to the origin, sponsorship, or approval of the goods at issue.

63. Defendants' false designation of origin was committed with knowledge that such conduct was intended to be used to cause confusion, or to cause mistake, or to deceive.

64. Back to Basics' unauthorized use of Vita-Mix's 5000 Mark has caused and, unless restrained, will continue to cause great and irreparable injury to Vita-Mix, Vita-Mix's 5000 Mark, the products sold under the 5000 Mark, and to the business and good will represented thereby, in an amount that cannot be presently ascertained, leaving Vita-Mix with no adequate remedy at law. Vita-Mix is therefore entitled to injunctive relief under 15 U.S.C. § 1125(a).

65. The nature and result of Back to Basics' improper use of Vita-Mix's 5000 Mark is to enable Back to Basics to deceive the public into believing that this trademark has an affiliation connection or association with Back to Basics, or that Vita-Mix has sponsored, endorsed or approved of Back to Basics' products or advertising. Vita-Mix has no control over the quality of the products sold or advertising by Back to Basics in association with Vita-Mix's 5000 Mark.

66. Back to Basics' actions demonstrate a willful intent to trade on the reputation and goodwill associated with Vita-Mix's trademarks, thereby entitling Vita-Mix to recover Back to Basics' profits, treble damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## VII. COUNT 3 – OHIO DECEPTIVE TRADE PRACTICES ACT

{921430:9} 10

67. Vita-Mix incorporates by reference the preceding paragraphs as if fully alleged herein.

68. As a cause of action and ground for relief, Vita-Mix alleges deceptive trade practices by Back to Basics' deceptive representation of Vita-Mix's 5000 Mark under Ohio Rev. Code §§ 4165.01 and 4165.02.

69. Back to Basics' use of Vita-Mix's 5000 Mark causes likelihood of confusion or misunderstanding, and is a deceptive representation that Back to Basics' products have a source, sponsorship, approval, status, affiliation, or connection that they do not have.

70. Back to Basics' use of Vita-Mix's 5000 Mark is likely to confuse and deceive the public by misrepresenting that Vita-Mix is a source or sponsor for or is affiliated or connected with or has approved or endorsed Back to Basics' products provided under Vita-Mix's trademarks within the meaning of Ohio Rev. Code § 4165.02, thereby causing Vita-Mix immediate and irreparable damage.

71. The nature and likely result of Back to Basics' deceptive trade practices in using Vita-Mix's 5000 Mark is to enable Back to Basics to deceive the public into believing that Vita-Mix is a source or sponsor for, or is affiliated or connected with or has approved of, Back to Basics' products and commercial activities using Vita-Mix's 5000 Mark.

72. Unless enjoined, Back to Basics' deceptive trade practices will continue to cause great and irreparable injury to Vita-Mix and to its 5000 Mark, and to the business and goodwill represented thereby, in an amount that cannot be presently ascertained, leaving Vita-Mix no adequate remedy at law. Vita-Mix is therefore entitled to injunctive relief and damages under Ohio Rev. Code § 4165.03.

73. Back to Basics' conduct constitutes false or misleading descriptions of fact in Back to Basics' commercial advertising, promotion or sale of its blender products that misrepresent the nature, characteristics or qualities of Vita-Mix's goods, services, or commercial activities. Back to Basics' conduct therefore constitutes deceptive trade practices that entitle Vita-Mix to monetary relief for damages under Ohio Rev. Code § 4165.02.

## VIII. COUNT 4 – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

74. Vita-Mix incorporates by reference the preceding paragraphs as if fully alleged herein.

75. As a cause of action and ground for relief, Back to Basics has infringed Vita-Mix's 5000 Mark as set forth in Ohio common law for trademark infringement. Back to Basics also has unfairly competed by attempting to trade on Vita-Mix's 5000 Mark as set forth in Ohio common law for unfair competition.

76. Back to Basics' use of Vita-Mix's 5000 Mark is likely to cause confusion, mistake and deception in the mind of the public and wholesalers, retailers, distributors, and end users of Back to Basics' products and is intended to falsely represent to Back to Basics' benefit an affiliation, connection, association, sponsorship, endorsement or approval of Back to Basics' products by Vita-Mix. Vita-Mix has no control over either Back to Basics' use of Vita-Mix's 5000 Mark or the quality of Back to Basics' products or advertisements.

77. Back to Basics' intentional and willful trademark infringement and unfair competition has caused and will continue to cause Vita-Mix immediate and irreparable damage unless enjoined. Vita-Mix is therefore entitled to injunctive relief and recovery of all damages caused by Back to Basics' actions.

WHEREFORE, Vita-Mix prays that this Court:

A. Enter judgment that Back to Basics has directly infringed claim 1 of United States Letters Patent No. 5,302,021;

B. Enter judgment that Back to Basics has contributorily infringed claim 1 of United States Letters Patent No. 5,302,021;

C. Enter judgment that Back to Basics has induced infringement of claim 1 of United States Letters Patent No. 5,302,021;

D. Enter judgment that Back to Basics has committed acts of false designation of origin under 15 U.S.C. § 1125(a) of the Lanham Act;

E. Enter judgment that Back to Basics has committed acts of deceptive trade practices under Ohio Rev. Code §§ 4165.01 and 4165.02.

F. Enter judgment that Back to Basics has committed acts of trademark infringement and unfair competition under the laws of the State of Ohio;

G. Preliminarily and permanently enjoin Back to Basics, its officers, directors, managers, employees, affiliates, agents, representatives, corporate parents and those in privity with Back to Basics from further infringement of United States Letters Patent No. 5,302,021;

H. Award Vita-Mix all of its damages caused by Back to Basics' acts of infringement, together with interest and costs as provided for under 35 U.S.C. § 284;

I. Order an accounting of Back to Basics' profits arising out of its infringing activities and award Vita-Mix those profits;

J. Find Back to Basics' infringement to be willful and increase the damages to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

K. Enter judgment that this case is exceptional and awards Vita-Mix its attorneys' fees in this action pursuant to 35 U.S.C. § 285;

L.  Preliminarily and permanently enjoin Back to Basics and its agents, employees, servants, attorneys, successors and assigns and all others acting in privity or concert therewith from directly or indirectly using the 5000 Mark in connection with its goods and services in any manner that is confusingly similar to or in any way similar to Vita-Mix's 5000 Mark or passing off its goods and services as those of Vita-Mix;

M.  Order Back to Basics to pay compensatory damages to Vita-Mix for injuries and damages sustained caused by Back to Basics acts of false designation of origin, that this case be declared exceptional, that Back to Basics be required to pay Vita-Mix all profits derived by Back to Basics for all damages caused to Vita-Mix by the acts forming the basis for this Complaint and that such damage be trebled under 15 U.S.C. § 1117 in view of the willful and deliberate acts described herein;

N.  Order (1) Back to Basics to pay compensatory damages to Vita-Mix for injuries and damages caused by Back to Basics acts of deceptive trade practices; (2) that this case be declared exceptional; (3) that Back to Basics be required to pay Vita-Mix all profits derived by Back to Basics for all damages caused to Vita-Mix by the acts forming the basis for this Complaint; and (4) that such damage be enhanced in view of the willful and deliberate acts described herein;

O.  Order (1) Back to Basics to pay Vita-Mix's compensatory damages for injuries and damages caused by Back to Basics acts of trademark infringement and unfair competition under the common laws of the State of Ohio; (2) that this case be declared exceptional; (3) that Back to Basics be required to pay Vita-Mix all profits derived by Back to Basics for all damages caused to Vita-Mix by the acts forming the basis for this Complaint; and (4) that such damage be enhanced in view of the willful and deliberate acts described herein;

P. Order Back to Basics to pay all of Vita-Mix's litigation expenses including attorneys' fees and costs of this action; and

Q. Award Vita-Mix such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Vita-Mix hereby requests trial by jury of all issues so triable.

Respectfully submitted,

Dated: October 30, 2006

Michael L. Snyder (Ohio Reg. No. 0040990)
*msnyder@mcdonaldhopkins.com*
David T. Movius (Ohio Reg. No. 0070132)
*dmovius@mcdonaldhopkins.com*
David B. Cupar (Ohio Reg. No. 0071622)
*dcupar@mcdonalhopkins.com*
McDONALD HOPKINS CO., LPA
2100 Bank One Center
600 Superior Avenue, E.
Cleveland, Ohio 44114
Telephone: (216) 348-5400

*Attorneys for Plaintiff Vita-Mix Corporation*