UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Vita-Mix Corp., | ) | CASE NO. 1:06 CV 2622 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Basic Holdings, Inc., *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion for Protective Order and to Quash Subpoena of Edward Greive, Esq. (Doc. 64) In this suit, plaintiff alleges, among other things, that defendants infringe Claim 1 of U.S. Patent No. 5,302,021. Defendant Back to Basics, in turn, alleges that the patent is invalid or unenforceable and seeks to depose plaintiff's patent counsel Edward Greive to develop evidence in support of its claims and defenses. The Motion requests that defendant's subpoena *duces tecum* to Attorney Greive be quashed. In the alternative, plaintiff seeks a protective order limiting the scope of discovery from Attorney Greive. For the reasons that follow, the Motion is DENIED.

1

**FACTS**

Plaintiff, Vita-Mix Corporation, as the sole assignee of U.S. Patent No. 5,302,021 ("the '021 Patent"), brings this action against defendants, Basic Holdings, Inc., f/k/a Back to Basics Products, Inc., Focus Electrics, LLC, Focus Products Group, LLC, and West Bend Housewares, LLC for, among other things, infringement of the '021 Patent.  The '021 Patent is directed to a method for preventing the formation of an air pocket in a blender.  Defendants Back to Basics and Focus Electrics answered and asserted four counterclaims, two of which are relevant to the instant Motion.[1]  First, Back to Basics and Focus Electrics seek a declaration that the '021 Patent is not infringed or that it is invalid or unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 102, 103, and/or 112.  Back to Basics and Focus Electrics also seek a declaration that the '021 Patent is unenforceable by reason of plaintiff's inequitable conduct before the United States Patent and Trademark Office.  In an attempt to develop evidence in support of its claims and defenses, including its assertions of non-infringement, invalidity, and unenforceability, Back to Basics (hereinafter, "defendant") served a subpoena *duces tecum* on Edward Greive, Esq.  Attorney Greive prosecuted several blender patent applications for plaintiff, including the application that led to the '021 Patent.

Plaintiff moves to quash the subpoena or, in the alternative, for a protective order limiting the discovery to be taken from Attorney Greive.  Defendant opposes the Motion.

**STANDARD OF REVIEW**

Rule 45 of the Federal Rules of Civil Procedure provides in relevant part that, "the court

---

[1] Defendants Focus Products and West Bend have moved to dismiss all claims against them.  (Doc. 49)

by which a subpoena was issued shall quash or modify the subpoena if it ... requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A). The party asserting the privilege bears the burden of establishing the privilege exists. *Ross v. City of Memphis*, 423 F.3d 596, 606 (6th Cir. 2005).

Rule 26(c), governing protective orders, provides in relevant part that:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (1) that the disclosure or discovery not be had; ... [or] (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

Fed. R. Civ. P. 26(c).

**DISCUSSION**

The question before this Court is whether or not defendant may depose Attorney Greive and, if so, on what topics. Defendant's subpoena requests Attorney Greive to appear for deposition and bring with him all "documents and things relating to the prosecution of the '021 Patent including all U.S. and foreign patents and patent applications related to the '021 Patent."[2]

---

[2]
> The Court notes that an earlier subpoena to Attorney Greive included additional categories of documents to be produced. However, the defendant has represented in its opposition to this motion that its document request is now limited to those sought by its July 3, 2007 subpoena.
>
> Plaintiff asserts that the testimony taken from Attorney Greive must necessarily be limited to the subject matter encompassed by the documents requested in the subpoena *duces tecum*. Plaintiff provides the Court no support for this assertion and the Court finds the argument to be without merit.

Plaintiff requests that the subpoena be quashed or, in the alternative, that all discovery from Attorney Greive be limited to "whether the alleged prior art identified in Back to Basics' inequitable conduct counterclaim was both material and non-cumulative and whether Mr. Greive intended to deceive the United States Patent and Trademark Office."

Defendant is entitled to "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The mere fact that one is an attorney does not insulate him from being subject to a deposition. *See Doe v. Lexington-Fayette Urban County Gov't.*, 407 F.3d 755, 766 (6th Cir. 2005); *see also* Fed. R. Civ. P. 30(a)(1) ("A party may take the testimony of any person ..."). In fact, depositions of attorneys in patent infringement and invalidity suits are not unusual. *See, e.g.*, *In re Metoprolol Succinate Patent Litigation*, 2007 U.S. App. LEXIS 17463 (Fed. Cir. July 23, 2007) (taking note of in-house patent attorney's deposition testimony regarding disclosure of all material evidence to the patent office in connection with a charge of inequitable conduct); *Paragon Podiatry Lab., Inc. v . KLM Labs., Inc.*, 984 F.2d 1182, 1193 (Fed. Cir. 1993) (same).

Moreover, such depositions need not be limited to issues relevant to inequitable conduct, as Vita-Mix contends. *See Microchip Tech. Inc. v. The Chamberlain Group, Inc.*, 441 F.3d 936, 942 (Fed. Cir. 2006) (general counsel of declaratory judgment plaintiff deposed regarding subject matter jurisdiction); *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1328 (Fed. Cir. 2003) (prosecuting attorney deposed on whether omission from patent was typographical error in context of claim construction); *Golan v. Pingel Enterprise, Inc.*, 310 F.3d 1360, 1364 (Fed. Cir. 2002) (patentee's attorney deposed regarding authorization to initiate

litigation).[3, 4]

However, plaintiff asserts that pursuant to *Nationwide Mutual Ins. Co. v. The Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002), a heightened standard must be applied to determine whether or not opposing counsel may be deposed. The *Nationwide* court stated that "[d]iscovery from an opposing counsel is limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information ...; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Defendant argues that *Nationwide* is limited to cases in which a party seeks to depose an opponent's *litigation* counsel. *See, e.g.*, *Ellipsis, Inc. v. Color Works, Inc.*, 227 F.R.D. 496 (W.D. Tenn. 2005).

While the *Nationwide* court did not undertake to define "opposing counsel," the *Nationwide* test has thus far been applied by the courts of the Sixth Circuit exclusively to

---

[3]

> The cases cited by plaintiff are inapposite. *ResQNet.com* involved deposition of *trial* counsel and application of a rule espoused in dicta of the Second Circuit, by which this Court is not bound. *ResQnet.com, Inc. v. Lansa, Inc.* 2004 U.S. Dist. LEXIS 13579 (S.D. N.Y. 2004). *Markman* is distinguishable as well. The *Markman* court held that, because claim construction is a matter of law for the court, any expert's testimony as to claim construction, including that of a patent attorney, is not binding on the court. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995).

[4]

> Plaintiff also argues that the subpoena should be quashed because discovery on defendant's inequitable conduct counterclaim has been automatically stayed by the pendency of plaintiff's motion to dismiss the counterclaim. (Doc. 59) The Court finds this argument to be without merit.

depositions of litigation counsel.[5]  Accordingly, the Court agrees with defendant and the *Ellipsis* court and finds that *Nationwide* is appropriately limited to instances in which a party seeks to depose opposing trial counsel.  Because such is not the case here, the Court finds that the *Nationwide* test does not apply.  As a result, plaintiff bears the burden of establishing that the discovery sought should not be had because it is privileged.  *Ross v. City of Memphis*, 423 F.3d at 606.

The Court finds that plaintiff has failed to meet this burden.  While the Court agrees with plaintiff that the attorney-client privilege does apply, in the abstract, to prosecuting patent attorneys, plaintiff has failed to establish that the specific discovery sought from Attorney Greive is, in fact, privileged.  Plaintiff's mere assertion that it is so is insufficient to meet its burden.  Accordingly, plaintiff has failed to demonstrate the need for the subpoena to be quashed or modified.  The Court also finds that plaintiff has not made a showing of good cause that a protective order must be issued to protect Attorney Greive from "annoyance, embarrassment, oppression, or undue burden or expense."

---

[5]

*Chesher v. Allen*, 122 Fed. Appx. 184 (6th Cir. 2005) (current litigation counsel); *Invesco Institutional, Inc. v. Paas*, 2007 U.S. Dist. LEXIS 41572 (W.D. Ky. Jun. 7, 2007) (same); *El Bannan v. Yonts*, 2007 U.S. Dist. LEXIS 34870 (W.D. Ky. May 11, 2007) (permitting deposition because there was insufficient evidence that attorney was party's counsel in the current action); *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 2007 U.S. Dist. LEXIS 22128 (E.D. Ky. Mar. 26, 2007) (current litigation counsel); *Iron Workers Local No. 25 Pension Fund v. Watson Wyatt & Co.*, 2006 U.S. Dist. LEXIS 24833 (E.D. Mich. May 1, 2006) (same); *Kammeyer v. City of Sharonville*, 2006 U.S. Dist. LEXIS 24058 (S.D. Ohio Apr. 26, 2006) (same); *Nisus Corp. v. Perma-Chink Sys., Inc.*, 2004 U.S. Dist LEXIS 29387 (E.D. Tenn. Sep. 17, 2004) (patent attorney sought to be deposed was also trial counsel); *Ross v. City of Memphis*, 224 F.R.D. 411 (W.D. Tenn. 2004) (current litigation counsel).

However, this is not to say that plaintiff is without protection.  As stated above, privileged material is always excluded from production absent an exception or waiver (neither of which is relevant here).  In responding to defendant's subpoena *duces tecum*, the Court notes that plaintiff should follow the dictates of Fed. R. Civ. P. 26(b)(5) if it deems any responsive documents should be withheld.  And, pursuant to Fed. R. Civ. P. 30(d)(1), plaintiff may of course instruct Attorney Greive not to answer deposition questions if such an instruction is necessary to protect plaintiff's attorney-client privilege.

Accordingly, defendant is entitled to depose Attorney Greive on all relevant, non-privileged information that he may possess.  And, Attorney Greive must produce all non-privileged "documents and things relating to the prosecution of the '021 Patent including all U.S. and foreign patents and patent applications related to the '021 Patent" in his possession.

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/14/07