**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Vita-Mix Corp.,** | ) | **CASE NO. 1:06 CV 2622** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Basic Holdings, Inc.,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the motion of defendant Focus Products Group, LLC to dismiss or, in the alternative, for summary judgment on all claims (Doc. 49).[1] In connection with defendant's motion, plaintiff Vita-Mix Corporation moves for clarification (Doc. 58) and for leave to file a sur-reply (Doc. 78). Before the Court is also plaintiff's motion to dismiss the inequitable conduct counterclaims asserted by Basic Holdings, Inc., f/k/a Back to Basics Products, Inc., and Focus Electrics, LLC (Doc. 59).

For the reasons that follow, Focus Products' motion to dismiss all claims is DENIED.

---

[1]
> West Bend Housewares, LLC initially joined in the motion but later withdrew (Doc. 75). The circumstances surrounding the withdrawal are discussed below.

1

Focus Products' alternative motion for summary judgment on all claims is DENIED without prejudice. Plaintiff's motion for leave to file a sur-reply is DENIED. Plaintiff's motion for clarification is DENIED as moot. Plaintiff's motion to dismiss the inequitable conduct counterclaims is DENIED.

**FACTS**

Plaintiff, Vita-Mix Corporation ("Vita-Mix"), brings this action against defendants, Basic Holdings, Inc., f/k/a Back to Basics Products, Inc., Focus Electrics, LLC, Focus Products Group, LLC, and West Bend Housewares, LLC.

In its first amended complaint, plaintiff alleges infringement of Claim 1 of U.S. Patent No. 5,302,021 ("the '021 patent"); false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); violation of Ohio's deceptive trade practices act, Ohio Rev. Code §§ 4165.01 and 4165.02; and common law trademark infringement and unfair competition.

Defendants Basic Holdings, Inc., f/k/a Back to Basics Products, Inc. ("Back to Basics"), and Focus Electrics, LLC ("Focus Electrics") answered and asserted counterclaims alleging non-infringement, invalidity, and unenforceability of the '021 patent; inequitable conduct; false or misleading descriptions in violation of the Lanham Act; and violation of Ohio's deceptive trade practices act.

Defendant Focus Products Group, LLC ("Focus Products") now moves to dismiss all claims against it or, in the alternative, for summary judgment. Plaintiff opposes the motion. Defendant West Bend Housewares, LLC ("West Bend") initially joined in Focus Products' motion. After being apprised of plaintiff's theory of liability, discussed in more detail below, West Bend withdrew from the motion and answered the first amended complaint. In so

2

answering, West Bend asserted the same counterclaims that Back to Basics and Focus Electrics asserted, including a counterclaim alleging unenforceability of the '021 patent by reason of inequitable conduct.  Plaintiff moves to dismiss Back to Basics' and Focus Electrics' inequitable conduct counterclaims against it.[2]  Back to Basics and Focus Electrics oppose the motion.

## STANDARD OF REVIEW

### Rule 12(b)(6)

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999).[3]  When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.  *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997).  However, the complaint must contain "more than the bare assertion of legal conclusions."  *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).  "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  *Id.* (quoting *Scheid v. Fanny*

---

[2] Briefing on plaintiff's motion to dismiss the inequitable conduct counterclaims was complete before West Bend answered and asserted its inequitable conduct counterclaim.  As a result, plaintiff's motion is directed only toward the inequitable conduct counterclaims asserted by Back to Basics and Focus Electrics.

[3] Because application of Rule 12(b)(6) is a procedural matter not particular to patent law, the Court of Appeals for the Federal Circuit, on review, applies the law of the regional circuit.  *Polymer Indus. Prods. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 937 (Fed. Cir. 2003).

*Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)) (emphasis in original).

### Rule 56

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)).[4]  The burden of showing the absence of any such genuine issues of material fact rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).  A fact is material only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  All justifiable inferences are to be drawn in the nonmoving party's favor. *Anderson*, 477 U.S. at 255.

---

[4] The Federal Circuit applies the standard applied by the district court in reviewing an order on a motion for summary judgment. *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1301 (Fed. Cir. 1999).

Summary judgment is appropriate when a party who bears the burden of proof at trial fails to make a showing sufficient to establish an essential element of his case. *Celotex*, 477 U.S. at 322). "The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Moreover, if the evidence is "merely colorable" or is not "significantly probative," the court may grant summary judgment. *Id.* at 249-50.

## DISCUSSION

### Focus Products' Motion to Dismiss Claims

Defendant Focus Products moves to dismiss all claims asserted against it pursuant to Rule 12(b)(6). To prevail on a motion to dismiss, defendant must establish that plaintiff has failed to state a claim upon which relief can be granted even when all factual allegations in the first amended complaint are accepted as true.

The following allegations taken from the first amended complaint are relevant to Focus Products' motion to dismiss: (1) "Back to Basics manufactures, uses, offers for sale, sells, and imports kitchen products, including blenders"; (2) "Focus Products acquired Back to Basics on or about January 17, 2007"; (3) "As a result of the acquisition of Back to Basics, Back to Basics has been combined with West Bend, a division of Focus Products, to create Focus Electrics"; (4) "Defendants have manufactured, offered for sale, sold, used, or imported, and continue to manufacture, offer for sale, sell, use or import, one or more blenders that are capable of infringing claim 1 of the '021 Patent"; (5) "Defendants have been and are now directly infringing, contributorily infringing, and inducing infringement of claim 1 of the '021 Patent by making, using, importing, offering for sale, or selling blenders that are capable of practicing the

5

method of claim 1 of the '021 Patent" and (6) "Without the authorization or permission of Vita-Mix, Defendants are and have been offering and selling blenders and/or accessories using [plaintiff's] 5000 Mark."

In support of its motion to dismiss, Focus Products argues that all of plaintiff's claims must fail because plaintiff has not pled any facts that would permit it to pierce the corporate veil and hold Focus Products liable for the actions of other defendants. In opposition, plaintiff states that it adequately alleges that *all* defendants, including Focus Products, are "*directly* liable under Vita-Mix's claims, not that they are *indirectly* liable due to their affiliation with Focus Electrics. It therefore is not necessary for Vita-Mix to pierce the corporate veil to sufficiently state a claim for relief ..." (emphases in original).[5]

The Court agrees that plaintiff has failed to plead any facts that would support a theory of liability holding Focus Products liable for the acts of the other defendants. Moreover, plaintiff explicitly disclaimed any such theory in its opposition to Focus Products' motion to dismiss.[6]

---

[5]
> In response to and as a direct result of these statements by plaintiff, West Bend withdrew from the motion to dismiss. In so doing, West Bend stated that plaintiff's "express disclaimer of any claim of vicarious liability" led West Bend to its decision to withdraw.

[6]
> Plaintiff moves for leave to file a sur-reply, contending that it did not disclaim theories of vicarious liability. However, plaintiff's unambiguous statement in its opposition is to the contrary. In any event, plaintiff has not pled any facts to support a finding holding one defendant liable for another's actions. Plaintiff cannot now reverse course and attempt to advance a theory that would permit it to hold one defendant liable for the acts of another. Moreover, plaintiff's motion for leave fails to appreciate the difference between direct liability for indirect infringement (*i.e.*, contributory infringement and inducement of infringement) and vicarious liability (holding one entity liable for the actions of another). The motion for leave is

The Court finds that plaintiff's claims, nonetheless, do survive. The claims survive, because Plaintiff has sufficiently pled *direct* liability against all defendants, including Focus Products, for all counts. The allegations of direct liability include allegations of direct infringement, contributory infringement, and inducement of infringement.

Plaintiff alleges that *all* defendants "manufactured, offered for sale, sold, used, or imported, and continue to manufacture, offer for sale, sell, use or import, one or more blenders that are capable of infringing claim 1 of the '021 Patent." Plaintiff also alleges that all defendants are and have been offering and selling blenders and/or accessories using plaintiff's "5000 Mark." Assuming these allegations are true, as the Court must do on a motion to dismiss, the Court finds that plaintiff has sufficiently alleged that Focus Products is directly liable.[7]

### **Focus Products' Alternative Motion for Summary Judgment**

In the alternative, Focus Products seeks summary judgment. In support of its motion, Focus Products submits the affidavit of David Beine, Vice President & General Counsel for Focus Products, Focus Electrics, and West Bend. However, Focus Products also requests that it be provided an opportunity to present additional evidence should the Court decide to treat the motion as one for summary judgment.

Plaintiff opposes the motion, indicating a motion for summary judgment is premature

---

denied.

[7]

Focus Products urges the Court to consider matters outside the pleadings to support a finding that plaintiff cannot maintain its claims against Focus Products. Specifically, Focus Products asks this Court to consider that Focus Products is merely a holding company that is not involved in the manufacture, marketing, or sale of kitchen appliances. However, such evidence is not properly before the Court on a Rule 12 motion to dismiss and will not be considered.

given the status of discovery.  Plaintiff includes a declaration of David T. Movius, attorney for Vita-Mix, in support of plaintiff's request for a continuance, pursuant to Rule 56(f), to permit discovery to be conducted before the Court addresses Focus Products' motion.

On a motion to dismiss for failure to state a claim,

> [if] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Fed. R. Civ. P. 12(b).  Rule 56 provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuation to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

Because both parties concede that the motion is not ripe by their requests for the opportunity to provide additional evidence, the Court refuses the application for judgment.[8]  The motion for summary judgment is denied without prejudice to raising the issue in a future motion that is fully supported by evidence.

---

[8] Plaintiff's "motion for clarification" seeking guidance on whether or not it should respond to Focus Products' motion with evidence of its own is denied as moot.

**Inequitable Conduct Counterclaims**

Plaintiff moves to dismiss the inequitable conduct counterclaims asserted by Back to Basics and Focus Electrics.  Plaintiff argues that Back to Basics and Focus Electrics (hereinafter, "defendants") failed to allege that plaintiff acted with the intent to deceive the United States Patent and Trademark Office ("PTO" or "patent office") during prosecution of the '021 patent.  Defendants respond that their allegations are sufficient to meet the pleading requirements for inequitable conduct.

Defendants allege that the inventors and prosecuting attorney "intentionally" failed to cite four specific pieces of material prior art to the patent office during prosecution of the '021 patent.  Defendants also allege that these four failures constituted "an intentional failure to make the examiner aware of highly material prior art and/or information."  As to a fifth allegation of inequitable conduct, defendants allege that an inventor's false statement in a declaration submitted during prosecution "was made to the examiner intentionally and for the purposes of overcoming the prior art references cited by the examiner."

Inequitable conduct before the patent office consists of an "affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive."  *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995).  The intent to deceive element of an inequitable conduct claim may be proven by circumstantial evidence.  *Impax Labs., Inc. v. Aventis Pharms., Inc.*, 468 F.3d 1366 (Fed. Cir. 2006).  Such circumstantial evidence is often in the form of facts and circumstances surrounding a knowing failure to disclose material information.  *E.g., Bruno Indep. Living Aids v. Acorn Mobility Servs.*, 394 F.3d 1348 (Fed. Cir. 2005).

At the pleading stage, inequitable conduct must be pled with particularity.  *Ferguson Beauregard/Logic Controls v. Mega Sys., Inc.*, 350 F.3d 1327, 1344 (Fed. Cir. 2003).[9]  While the Federal Circuit has not stated what particularity is required in this regard, many district courts have determined that the requirements of Fed. R. Civ. P. 9(b) must be met.  *E.g., Rentrop v. Spectranetics Corp.*, 2004 U.S. Dist. LEXIS 10312 (S.D. N.Y. 2004) (collecting authorities); *see also Tesseron, Ltd. v. GMC Software*, 2006 U.S. Dist. LEXIS 18046, *5-6 (N.D. Oh. 2007).

Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

In the inequitable conduct context the heightened pleading standard requires, for example, an identification of what material and undisclosed prior art was known to the patentee or how the presentation of misleading information was meant to mislead the PTO.  *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007); *see also Tesseron*, 2006 U.S. Dist. LEXIS 18046 (finding sufficient allegations that the prior art was material, that patentee and its counsel were aware of that prior art, and that they knowingly failed to disclose it to the PTO).

The Court recognizes that, in the absence of further guidance from the Federal Circuit, district courts have struggled with the level of particularity required to plead inequitable conduct.

---

[9] Whether inequitable conduct has been adequately pled is a procedural matter.  But, because it bears on an issue that is unique to patent law, the Federal Circuit applies its own law to the question of whether the pleadings were adequate.  *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007).

More specifically, courts have struggled with whether or not the intent to deceive must be specifically alleged and, if so, what words will constitute sufficient pleading. *Compare Xilinx, Inc. v. Altera Corp.*, 33 USPQ2d 1149 (N.D. Ca. 1994) (intent to deceive must be pled; pleading that prior art was intentionally withheld is not enough), *with Computer Acceleration Corp. v. Microsoft Corp.*, 481 F.Supp.2d 620 (E.D. Tx. 2007) (allegations that patentee knew of and failed to disclose material prior art sufficient); *Mars Inc. v. JCM Am. Corp.*, 2006 U.S. Dist. LEXIS 67530 (D. N.J. 2006) (no need to use the words "intent to deceive"; allegations sufficient where defendant identified the specific prior art that was withheld); *Heraeus Electro-Nite Co. v. Midwest Instrument Co., Inc.*, 2006 U.S. Dist. LEXIS 76452 (E.D. Pa. 2006) (intent to deceive sufficiently pled by alleging patentee knew of and failed to disclose prior art that led Japanese patent office to reject corresponding patent application in Japan); *Hyperphrase Techs., LLC v. Google Inc.*, 2006 U.S. Dist. LEXIS 64918 (W.D. Wis. 2006) (allegations of patentee's motivation for failing to disclose prior art sufficient to plead intent element); *Netflix, Inc. v. Blockbuster, Inc.*, 2006 U.S. Dist. LEXIS 63154 (N.D. Cal. 2006) (pleading knowledge of prior art and failure to disclose is sufficient); *Magarl, L.L.C. v. Crane Co.*, 2004 U.S. Dist. LEXIS 24283 (S.D. Ind. 2004) (allegations of intentionally withholding prior art and intentionally misrepresenting sufficient to plead intent).

      The Court finds that defendants have sufficiently pled inequitable conduct.  They have pled with particularity the five specific instances in which plaintiff is alleged to have committed inequitable conduct on the patent office.  Defendants specifically identify the four pieces of material prior art alleged to have been knowingly withheld and the one misleading statement alleged to have been made.  Plaintiff is sufficiently on notice of what improper acts it is

supposed to have committed. Requiring defendants to add the words "intent to deceive" to their counterclaims would not serve to further the aims of the heightened pleading standard, which is to discourage bald assertions of fraudulent misconduct without sufficient factual underpinnings. Accordingly, plaintiff's motion to dismiss is denied.

### **CONCLUSION**

For the foregoing reasons, Focus Products' motion to dismiss is DENIED. Focus Products' alternative motion for summary judgment is DENIED without prejudice. Plaintiff's motion for leave to file a sur-reply is DENIED. Plaintiff's motion for clarification is DENIED as moot. Plaintiff's motion to dismiss is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/27/07