**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Vita-Mix Corp.,** | ) | **CASE NO. 1:06 CV 2622** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Basic Holdings, Inc., *et al.*,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff's motion to preclude (Doc. 100) and plaintiff's motion to compel documents pursuant to Federal Rule of Evidence 612 (Doc. 102). Plaintiff's motion to preclude relates to defendants' failure to designate a fact witness or witnesses to testify to several topics pursuant to deposition notices issued by plaintiff pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiff's motion to compel relates to defendants' refusal to identify certain documents relied upon by a Rule 30(b)(6) deponent to refresh his recollection prior to testifying. For the reasons that follow, the motion to preclude is DENIED and the motion to compel is GRANTED.

**FACTS**

Only those facts necessary for resolution of the present motions are detailed below. Plaintiff, Vita-Mix Corporation, as the sole assignee of U.S. Patent No. 5,302,021 ("the '021 Patent"), brings this action against defendants, Basic Holdings, Inc., f/k/a Back to Basics Products, Inc., Focus Electrics, LLC, Focus Products Group, LLC and West Bend Housewares, LLC. In its first amended complaint, plaintiff alleges infringement of Claim 1 of U.S. Patent No. 5,302,021 ("the '021 patent"); false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); violation of Ohio's deceptive trade practices act, Ohio Rev. Code §§ 4165.01 and 4165.02; and common law trademark infringement and unfair competition. Defendants assert counterclaims seeking declaratory judgments of non-infringement, invalidity and unenforceability of the '021 patent and inequitable conduct. Defendants also allege plaintiff used false or misleading descriptions in violation of the Lanham Act and violated Ohio's deceptive trade practices act.

On July 6, 2007, plaintiff's counsel contacted counsel for defendants seeking depositions of the corporate defendants via Rule 30(b)(6). The deposition notices listed 58 topics for examination. In response, defendants designated several witnesses to testify regarding some but not all of the topics. No witness was designated by any defendant to testify to topic 3, 4, 5, 52, 53, 54 or 55. The information sought via these topics is as follows:

> 3. The factual basis for the assertions in Defendants' affirmative defense that "the '021 Patent is invalid under 35 U.S.C. § 102."
>
> 4. The factual basis for the assertions in Defendants' affirmative defense that "the '021 Patent is invalid under 35 U.S.C. § 103."
>
> 5. The factual basis for the assertions in Defendants' affirmative defense that "the '021 Patent is invalid under 35 U.S.C. § 112."

52. Any written or verbal opinions regarding infringement of the ‘021 Patent.

53. Any written or verbal opinions regarding scope of the ‘021 Patent.

54. Any written or verbal opinions regarding validity of the ‘021 Patent.

55. The level or definition of “one of ordinary skill in the art” for the subject matter disclosed and claimed in the ‘021 Patent.

Defendants objected to the above topics on the grounds that they sought attorney-client privileged information and attorney work-product and that they called for legal conclusions.

On November 28 and 29, 2007, plaintiff deposed Rule 30(b)(6) designee Thomas E. Daniels, Jr. Mr. Daniels testified on behalf of defendant Basic Holdings, Inc., f/k/a Back to Basics Products, Inc. (“Back to Basics”) as to topics 1, 2, 6-8, 12-16, 25, 26, 41, 43-46, 49-51 and 56-58. In preparation for his deposition, Mr. Daniels met with Back to Basics’ attorneys Robert Aycock and Clinton Duke. At deposition, Mr. Daniels testified that he reviewed documents to refresh his recollection. Plaintiff’s counsel, Attorney Movius, asked defendants’ counsel to produce the documents relied upon by Mr. Daniels to refresh his recollection. Attorney Aycock responded that all documents relied upon by Mr. Daniels had already been produced during the discovery process. When Attorney Movius sought identification of the exact documents shown to Mr. Daniels in preparing him for his deposition, Attorney Aycock declined asserting the attorney-client privilege and instructed his client not to answer. Attorney Movius again asked Mr. Daniels to identify the documents he was shown. Mr. Daniels testified that the stack of documents was “several inches tall.” During the first day of his deposition, Mr. Daniels specifically identified “the Kenwood license agreement.” On the second day of his

deposition, he offered that he also reviewed the counterclaim and interrogatories.

Plaintiff moves to preclude defendants from introducing evidence relating to the Rule 30(b)(6) deposition topics 3, 4, 5, 52, 53, 54 and 55. Plaintiff also moves to compel production of those documents used to refresh Mr. Daniels' recollection prior to his 30(b)(6) deposition and to continue Mr. Daniels' deposition at Back to Basics' expense. In the alternative, plaintiff moves the Court for an order striking Mr. Daniels' testimony. Defendants oppose both motions.

**DISCUSSION**

1. *Motion to Preclude*

Plaintiff seeks an order precluding defendants from introducing any evidence relating to seven Rule 30(b)(6) deposition topics: 3, 4, 5, 52, 53, 54 and 55. Plaintiff argues that because defendants failed to produce a fact witness to testify to these topics - despite defendants objections thereto - defendants should be prohibited from relying on any evidence on these matters. Defendants respond that "[t]o the extent [topics 52-54] are directed to legal opinions of counsel for rebutting charges of willfulness, Vita-Mix is well aware that the date in the scheduling order for disclosing such opinion of counsel has passed and that Defendants are not relying on any such opinion of counsel. To the extent these topics are directed to expert opinions, Defendants have properly provided all such information to Vita-Mix." Defendants further state that their expert, Dr. Rashidi, provided opinions directed to all seven deposition topics at issue. Plaintiff replies that, at least as to topics 3, 4 and 5, it is seeking the *factual* bases for defendants' assertions of invalidity rather than defendants' expert's opinion on these matters.

Defendants' arguments are well taken. Topics 52, 53 and 54, on their face, seek opinion testimony. To the extent plaintiff was seeking legal opinions of counsel, defendants state they

will not rely on any. To the extent plaintiff was seeking defendants' expert's opinions, defendants have properly disclosed Dr. Rashidi's opinions. Topics 3, 4, 5 and 55 are also commonly the subject of expert testimony, and Dr. Rashidi has offered an opinion on each of these topics. Plaintiff cannot be heard to argue that topic 55, regarding the level of one of ordinary skill in the art, does not call for expert testimony. Plaintiff, in its own discovery responses, objected to a similar request by defendants on the ground that the request sought expert testimony. Plaintiff has also failed to provide any support for its argument that patent invalidity (the subject of topics 3, 4, and 5) is the subject of fact testimony rather than expert opinion. Defendants were required to disclose and plaintiff was free to inquire into the factual bases underlying Dr. Rashidi's opinions on these topics during expert discovery. Fed. R. Civ. P. 26(a)(2)(B) (requiring expert to disclose facts relied upon in his report); Fed. R. Evid. 705 (permitting cross-examination into the facts underlying expert's opinion). Plaintiff's motion to preclude is denied.

2. *Motion to Compel or, in the alternative, to Strike*

Plaintiff next seeks an order pursuant to Federal Rule of Evidence 612 compelling defendant Back to Basics to produce or identify those documents relied upon by Mr. Daniels to refresh his recollection prior to his Rule 30(b)(6) deposition and to continue Mr. Daniels deposition at Back to Basics' expense. In the alternative, plaintiff seeks an order pursuant to Rule 37(b)(2)(B) of the Federal Rules of Civil Procedure striking all of Mr. Daniels' testimony whether or not that testimony was the result of a refreshed recollection.

Federal Rule of Evidence 612 provides in relevant part:

> if a witness uses a writing to refresh memory for the purpose of testifying, either -

> (1) while testifying, or
> (2) before testifying,
> if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

Plaintiff argues that it was unable to cross-examine Mr. Daniels because he was unable to identify the documents he reviewed. Back to Basics responds that Mr. Daniels did identify some of the documents he reviewed - namely the Kenwood license agreement, the counterclaim, and interrogatories - and that plaintiff's counsel failed to ask a single question about any of these documents. Thus, Back to Basics contends, plaintiff had ample opportunity to cross-examine Mr. Daniels and chose not to.[1] Plaintiff responds that the documents identified by Mr. Daniels do not amount to all of the documents he reviewed, which amounted to a "stack several inches tall." Plaintiff also asserts that Back to Basics agreed, during a break in the deposition, to "make an effort" to identify the documents reviewed by Mr. Daniels but failed to ever do so. Declaration of David T. Movius at ¶¶ 4, 6, 7.

The Court agrees with plaintiff that it is in the interests of justice to compel Back to Basics to produce or identify the documents used to refresh Mr. Daniels' recollection prior to his deposition. The *Nutramax* court put it aptly in stating:

> It may be argued that, if the deposing attorney already has received the documents during the litigation, there is no reason to order their production a second time, for the only purpose this would serve would be to disclose, indirectly, the mental impressions of the attorney who selected the documents to review with the witness. However, the forcefulness of this argument may diminish if the

[1] Back to Basics concedes that plaintiff is not seeking any communications protected by the attorney-client privilege.

> documents previously produced are so voluminous or technical that the party receiving them cannot readily be expected to grasp their significance. Finding the critical documents in a population of thousands may be like looking for a needle in a haystack, even with the aid of modern technology.

*Nutramax*, 183 F.R.D. at 470. This is a complex intellectual property dispute and many thousands of pages have been produced by the parties. While plaintiff certainly is expected to have adequately prepared for the deposition and to have selected the documents on which it wished to examine Mr. Daniels, it would be unfair to expect it to be able to adequately cross-examine Mr. Daniels without knowing which documents refreshed his recollection and formed the basis for the corporation's knowledge on certain matters. In this regard, "[t]here is a greater need to know what materials were reviewed by expert and designee [*i.e.*, 30(b)(6)] witnesses in preparation for deposition since the substance of their testimony may be based on sources beyond personal knowledge." *Id.* at 469.

Significantly, Back to Basics has not argued that the selection of documents shown to Mr. Daniels is protected work product. Moreover, Back to Basics refers the Court to no legal authority to support its position that it need not identify the documents.[2] Accordingly, the Court hereby orders Back to Basics to produce or identify the documents relied upon by Mr. Daniels to refresh his recollection prior to his deposition testimony and orders that the deposition be

---

2 The Court feels compelled to note that it is somewhat disturbed that the parties were not able to reach agreement on this issue. It appears that Back to Basics offered to identify the documents and then failed to do so. Plaintiff, similarly, failed to follow up on the agreement, choosing instead to file this motion directly.

continued at Back to Basics' expense.[3]

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to preclude is DENIED and plaintiff's motion to compel is GRANTED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/22/08

---

3 Because the Court grants the sought after relief, it need not address plaintiff's alternative request to strike Mr. Daniels' testimony.