UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VITA-MIX CORPORATION, | : | CIVIL ACTION NO.: 1:06CV2622 |
| | : | |
| Plaintiff, | : | JUDGE PATRICIA A. GAUGHAN |
| | : | |
| v. | : | |
| | : | |
| BASIC HOLDING, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**VITA-MIX CORPORATION'S MOTION FOR
SUMMARY JUDGMENT ON DEFENDANTS' FIRST
<u>COUNTERCLAIM  AND AFFIRMATIVE DEFENSES OF PATENT INVALIDITY</u>**

Pursuant to Federal Rule of Civil Procedure 56, plaintiff Vita-Mix Corporation ("Vita-Mix") respectfully moves this Court for summary judgment on defendants Basic Holding, Inc. (f/k/a Back To Basics Products, Inc.), Focus Products Group, LLC, Focus Electrics, LLC and West Bend Housewares, LLC's (collectively "Back to Basics") First Counterclaim and Affirmative Defenses of Patent Invalidly.

Back to Basics has not come forward with sufficient factual support to establish each of the proof elements necessary to establish invalidity. Vita-Mix therefore asks the Court to grant summary judgment in its favor on Back to Basics' counterclaim and affirmative defenses of patent invalidity. The bases for this motion are more fully set forth in Vita-Mix's Memorandum in Support, which is being submitted contemporaneously and is incorporated by reference.

Respectfully submitted,

DATED: February 22, 2008

      /s/ David B. Cupar
Michael L. Snyder (0040990)
   *msnyder@mcdonaldhopkins.com*
David T. Movius (0070132)
   *dmovius@mcdonaldhopkins.com*
David B. Cupar (0071622)
   *dcupar@mcdonaldhopkins.com*
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400

*Attorneys for Plaintiff*
*Vita-Mix Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VITA-MIX CORPORATION, | : | CIVIL ACTION NO.: 1:06CV2622 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE PATRICIA A. GAUGHAN |
| v. | : | |
| | : | |
| BASIC HOLDING, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF VITA-MIX**
**CORPORATION'SMOTION FOR SUMMARY JUDGMENT ON DEFENDANTS'**
**FIRST COUNTERCLAIM AND AFFIRMATIVE DEFENSES OF PATENT INVALIDITY**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... iii

I.     INTRODUCTION ..................................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................................ 1

III.   LEGAL STANDARD ................................................................................................ 3

      A.     Summary Judgment Standard ........................................................................ 3

      B.     Summary Judgment Standard As Applied To Invalidity ................................... 5

            1.     Invalidity Must Be Proven By Clear and Convincing Evidence ............... 5

            2.     Proof of Anticipation ......................................................................... 5

            3.     Proof of Obviousness. ....................................................................... 6

            4.     Proof of Enablement .......................................................................... 7

IV.   ARGUMENT ............................................................................................................ 8

      A.     Summary Judgment on Back to Basics' Anticipation Claim Is Appropriate ......... 8

            1.     Dr. Rashidi Admits That Each Reference  Is Missing At Least One

                  Element of Claim 1 ............................................................................ 8

             2.     Dr. Rashidi Admits That Wayne In Not Enabling .................................. 11

      B.     Summary Judgment Is Appropriate On Back to Basics' Obviousness Claim ...... 12

            1.     Dr. Rashidi Cannot Rely on Wayne to Establish Obviousness ............... 12

            2.     Dr. Rashidi Failed To Evidence Any Motivation To Combine ............... 12

      C.     The '021 Patent is Enabled ........................................................................ 14

V.     CONCLUSION ....................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases & Statutes**

35 U.S.C. § 102 ................................................................................................... 2

35 U.S.C. § 103 ................................................................................................... 2

35 U.S.C. § 112 ................................................................................................... 2

35 U.S.C. § 282 ................................................................................................ 5, 7

*Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ....... 4, 5

*Aspex Eyewear, Inc. v. Concepts In Optics, Inc.* 111 Fed.Appx. 582, 588 ................................. 6

*ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546 (Fed. Cir. 1998) ..................................................... 7

*Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) ...... 7, 12

*C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1349 (Fed. Cir. 1998) ................................. 6, 11

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)...... 3, 4

*Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir. 1995) ............................................................. 4

*Cox v. Kentucky Dep't. of Transp.,* 53 F.3d 146, 150 (6th Cir. 1995) ......................................... 4

*Durel Corp. v. Osram Sylvania Inc.*, 256 F.3d 1298, 1306 (Fed. Cir. 2001) ......................... 8, 16

*Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1278 (Fed. Cir. 2004) ............. 8

*Elan Pharmaceuticals, Inc. v. Mayo Foundation*, 346 F.3d 1051, 1054 (Fed. Cir. 2003)..6, 11, 14

*Golight, Inc. v. Wal-Mart Stores, Inc.*, 355 F.3d 1327, 1336 (Fed. Cir. 2004).............................. 7

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1467 (Fed. Cir. 1990) ................. 5

*Invitrogen Corp. v. Clontech Lab., Inc.*, 429 F.3d 1052, 1079 (Fed. Cir. 2005) ......................... 7

*KSR Int'l Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1729 (2007)....................................................... 6

*LaPointe v. UAW, Local 600,* 8 F.3d 376, 378 (6th Cir. 1993) ................................................... 3

*Leapfrog Enterprises, Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1160 (Fed. Cir. 2007)............. 14

*National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1189 (Fed. Cir. 1996) ................. 5

*Northpoint Technology, Ltd. v. MDS America, Inc.*, 413 F.3d 1301, 1309 (Fed. Cir. 2005) ......... 8

*Omegaflex, Inc. v. Parker-Hannifin Corp.*, 243 Fed.Appx. 592, 595-96 (Fed. Cir. 2007) ........... 7

*Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1568 (Fed. Cir. 1987) .............................. 6

*Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1511 (Fed. Cir. 1984)....................... 5

*Richardson-Vicks Inc. v. Upjohn Co*, 122 F.3d 1476, 1480 (Fed. Cir. 1997) ............................ 13

*Sitrick v. Dreamworks, LLC*, 2008 WL 269443 *6................................................................ 8, 14

*Takeda Chemical Industries, Ltd. v. Alphapharm Pty., Ltd.*,
   492 F.3d 1350 , 1356-57 (Fed. Cir. 2007) ...................................................................... 7, 12

*Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir. 1995)............................................ 4

*Transclean Corp. v. Bridgewood Services, Inc.*, 290 F.3d 1364, 1373 (Fed. Cir. 2002) ........... 5, 6

*United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985)...................................... 4

*Upjohn Co., v. Mova Pharm. Corp.*, 225 F.3d 1306, 1311 (Fed. Cir. 2000).......................... 7, 13

## I.       INTRODUCTION

Vita-Mix Corporation ("Vita-Mix") has moved for summary judgment on the first counterclaim and affirmative defenses of patent invalidity filed by defendants Basic Holding, Inc. (f/k/a Back to Basics Products, Inc.), Focus Products Group, LLC, Focus Electrics, LLC and West Bend Housewares, LLC (collectively "Back to Basics").[1] Summary judgment Mix is appropriate because Back to Basics has not come forward with sufficient factual support to establish each of the proof elements necessary to establish invalidity. Vita-Mix therefore asks the Court to grant summary judgment in its favor on Back to Basics' affirmative defenses and counterclaim of patent invalidity.

## II.      STATEMENT OF FACTS

U.S. Patent No. 5,302,021 (the "'021 patent") was issued by the United States Patent and Trademark Office ("USPTO") on April 12, 1994. (Exh. A, '021 patent.) Since then, Vita-Mix has been the sole owner of the '021 patent. (*Id.*) Claim 1 of the '021 patent is a method directed to preventing the formation of an air pocket around rotating blades positioned in a pitcher of a blender. (*Id.* at col. 4, ll. 27-38.) Claim 1 has been construed by the Court as follows:

> A method of preventing the formation of an air pocket around rotating blades positioned in a pitcher of a blender but not including a method of stirring to disperse, dislodge, or break-up an air pocket after it has begun to form,
>
> the air pocket being created from an air channel of a cross-sectional size defined by a member associated with the blades,
>
> comprising the steps of
>
> supplying a fluid into the pitcher, and

---

[1] Vita-Mix also seeks summary judgment in its ***Motion for Summary Judgment on Defendants' Second Counterclaim and Affirmative Defense for Inequitable Conduct***, ***Motion for Summary Judgment on Defendants' Third and Forth Counterclaims***, and ***Motion for Summary Judgment on Defendants' Affirmative Defenses***, which are filed concurrently with this motion. Vita-Mix filed its ***Motion for Summary Judgment of Noninfringement and Memorandum in Support of its Cross-Motion for Summary Judgment of Infringement*** on February 19, 2008.

positioning a device that can be inserted into a blender,

having a cross-sectional size approximating the cross-sectional size of the member,

adjacent to and above the rotating blades

while maintaining the device free of contact with the pitcher

thereby preventing the formation of an air pocket in the fluid around the rotating blades.

(Dkt. No. 81 at 20-21, Claim Construction Order.)

Vita-Mix alleges that Back to Basics has directly and contributorily infringed, and induced infringement, of claim 1 of the '021 patent. (Dkt. No. 24, Amended Complaint.) Attempting to avoid liability for its infringement, Back to Basics has pled invalidity as an affirmative defense and further seeks a declaration that the '021 patent is invalid. (Dkt. No. 40 at 10 (¶¶ 83-85), 13.[2]) In particular, Back to Basics asserts that the '021 patent is invalid as anticipated under 35 U.S.C. § 102, invalid as obvious under 35 U.S.C. § 103, and invalid under 35 U.S.C. § 112. (Exh. B, at 48-51, Focus Electrics, LLC's Responses to Plaintiff's Interrogatory No. 16; Exh. C, at 1-3, West Bends Housewares, LLC's Responses and Objections to Plaintiff's Interrogatory No. 18; Exh. D, Expert Report of Majid Rashidi, Ph.D, P.E. ("Rashidi Report").)

Fact and expert discovery is now complete, and Back to Basics has disclosed all of the "evidence" that "supports" its claim of invalidity. (*Id.*) In addition to written discovery, Vita-Mix diligently sought Rule 30(b)(6) depositions from each of the defendants on the factual bases for their invalidity claims. (*See* Dkt. No. 100, Motion to Preclude.) Back to Basics, however, failed to designate a single witness to provide such testimony. (*Id.*) As a result, Vita-Mix moved the Court to preclude Back to Basics from presenting any evidence relating to invalidity. (*Id.*)

---

[2] Defendants each allege the same invalidity defenses and counterclaims, and assert the same factual bases for those defenses and counterclaims. For convenience, Vita-Mix refers only to the allegations and discovery responses of defendant Basic Holding, Inc., which are identical to those from the remaining defendants.

Therefore, consistent with the Court's February 22, 2008 Order (Dkt. No. 115), Back to Basics' only "evidence" consists of the expert report and deposition testimony of their technical and invalidity expert, Dr. Majid Rashidi. (Exh. D, Rashidi Report; Exh. E, January 25, 2008 deposition of Dr. Majid Rashidi ("Rashidi Deposition").)

In his report, Dr. Rashidi identifies four references that allegedly anticipate the '021 patent: U.S. Patent No. 2,757,909 ("Wayne"); U.S. Patent No. 4,561,782 ("Jacobsen"); U.S. Patent No. 3,346,029 ("Harris"); and the Vita-Mix 3600 and 4000 blenders ("Vita-Mix 3600/4000"). (Exh. D, Rashidi Report at 9.) Of the references cited by Dr. Rashidi, Jacobsen, Harris, and Vita-Mix 3600/4000 were considered by the USPTO during prosecution of the application that issued as the '021 patent. (Exh. A, '021 patent at cover page.)

Dr. Rashidi identifies only a single basis of obviousness of claim 1 of the '021 patent. That single basis requires the combination of _five_ prior art references: Wayne, Jacobsen, Harris, Vita-Mix 3600/4000, and U.S. Patent No. 2,785,547 to Barros ("Barros"). (Exh. D, Rashidi Report at 14.) Barros also was considered during the prosecution of the '021 patent. (Exh. A, '021 patent at cover page.) Finally, Dr. Rashidi opines that the '021 patent is invalid due to lack of enablement. (Exh. D, Rashidi Report at 27-30.)

## III.  LEGAL STANDARD

### A.  Summary Judgment Standard

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600,* 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

Fed. R. Civ. P. 56(e). The Court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.,* 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox,* 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex,* 477 U.S. at 322). Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson,* 477 U.S. at 252 (1986)). Moreover, if the evidence is

"merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson,* 477 U.S. at 249-50 (citation omitted).

      **B.**      **Summary Judgment Standard As Applied To Invalidity**

              1.      Invalidity Must Be Proven By Clear and Convincing Evidence

An issued patent carries a statutory presumption of validity. 35 U.S.C. § 282. Because of this presumption, an accused infringer "has the burden of showing by clear and convincing evidence, after all reasonable inferences are drawn in its favor, that the [asserted patent] is invalid." *Transclean Corp. v. Bridgewood Services, Inc.*, 290 F.3d 1364, 1373 (Fed. Cir. 2002) (affirming district court grant of summary judgment). That burden is "especially difficult when the prior art was before the PTO examiner during prosecution of the application." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1467 (Fed. Cir. 1990) (affirming district court's holding patent-in-suit valid and infringed).

An invalidity claim or defense is particularly susceptible to summary judgment in light of the clear and convincing burden of proof and persuasion. *See National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1189 (Fed. Cir. 1996) ("Taking cognizance of the requirement that patent invalidity must be proved by clear and convincing evidence, we affirm the summary judgment that the [patent-in-suit] is not invalid."). Due to the statutory presumption of validity, a patent holder in moving for a grant of summary judgment that a patent is valid has no obligation to introduce any evidence initially on validity, but only in rebuttal to the accused infringer's of invalidity. *Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1511 (Fed. Cir. 1984) (affirming validity and infringement of patent-in-suit).

              2.      Proof of Anticipation

To prove invalidity by anticipation, every claim element must be disclosed in a *single* prior art reference to show that a patent is invalid for anticipation. *C.R. Bard, Inc. v. M3 Sys.,*

*Inc.*, 157 F.3d 1340, 1349 (Fed. Cir. 1998) (emphasis added). Thus, summary judgment of non-anticipation is appropriate when there are no genuine dispute that at least one element of the patented claim is not disclosed in a single prior art reference. *Transclean Corp. v. Bridgewood Services, Inc.*, 290 F.3d at 1373 (affirming summary judgment of non-anticipation because single element not disclosed in prior art reference).

For a prior art reference to anticipate, it also must meet the enablement requirement. *Elan Pharmaceuticals, Inc. v. Mayo Foundation*, 346 F.3d 1051, 1054 (Fed. Cir. 2003). Summary judgment therefore is appropriate if an accused infringer cannot prove that a purported anticipating prior art reference is enabling. *Id.*

Summary Judgment is also appropriate when the accused infringer's only evidence is the conclusory statement of an expert witness about the existence of disclosed elements in a prior art reference. *Aspex Eyewear, Inc. v. Concepts In Optics, Inc.* 111 Fed. Appx. 582, 588 ("In this particular case, summary judgment could not have been granted without expert testimony clearly explaining how each claim element is disclosed . . . The party asserting invalidity has the burden of introducing such evidence, but here [accused infringer] offered no such expert testimony. The conclusory testimony of [accused infringer's expert] is manifestly insufficient.").

3.    Proof of Obviousness

Obviousness is a question of law based on underlying facts. *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1568 (Fed. Cir. 1987). Obviousness is determined on the four *Graham* factors: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) any objective indicia of nonobviousness. *KSR Int'l Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1729 (2007).

In accordance with the Supreme Court's *KSR* decision, the Federal Circuit has held that a accused infringer must evidence a reason that would have prompted or motivated a person of

ordinary skill to combine references. *Omegaflex, Inc. v. Parker-Hannifin Corp.*, 243 Fed.Appx. 592, 595-96 (Fed. Cir. 2007); *Takeda Chemical Industries, Ltd. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1356-57 (Fed. Cir. 2007). An accused infringer cannot establish motivation if: (1) the prior art teaches away from combining the references (*i.e.*, discourages their combination); or (2) it is based on impermissible hindsight reconstruction – as opposed to analyzing the issue at the time of invention. *KSR Int'l*, 127 S. Ct. at 1740, 1742. A lack of evidence of a motivation to combine is defeats an obviousness defense. *Golight, Inc. v. Wal-Mart Stores, Inc.*, 355 F.3d 1327, 1336 (Fed. Cir. 2004) (affirming validity and infringement).

As with anticipation, "to render a claimed apparatus or method obvious, the prior art must enable one skilled in the art to make and use the apparatus or method." *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). Therefore, summary judgment is appropriate when the accused infringer cannot establish that one or more of the prior art reference is enabling. Summary judgment of non-obviousness is also appropriate when the only record evidence is conclusory expert testimony. *Upjohn Co., v. Mova Pharm. Corp.*, 225 F.3d 1306, 1311 (Fed. Cir. 2000) ("[T]here must be factual support for an expert's conclusory [obviousness] opinion."); *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546 (Fed. Cir. 1998) (reversing obviousness verdict where challenger "points to no evidence supporting the obviousness determination, other than the conclusory opinion of its expert witness").

4.    Proof of Enablement

It is appropriate for a court to grant summary judgment on the issue of enablement. *Invitrogen Corp. v. Clontech Lab., Inc.*, 429 F.3d 1052, 1079 (Fed. Cir. 2005) (affirming summary judgment of enablement). An issued patent is presumed enabled. 35 U.S.C. § 282. To defeat such a motion, an accused infringer must establish that the specification does not teach those skilled in the art how to make and use the invention without undue experimentation.

*Northpoint Technology, Ltd. v. MDS America, Inc.*, 413 F.3d 1301, 1309 (Fed. Cir. 2005). "The dispositive question of enablement *does not* turn on whether the accused product is enabled." *Durel Corp. v. Osram Sylvania Inc.*, 256 F.3d 1298, 1306 (Fed. Cir. 2001) (emphasis added). Therefore, summary judgment is appropriate when a conclusion of non-enablement is improperly based analysis of the accused product. *See id.* Summary judgment is also appropriate if non-enablement is based solely on the conclusory expert testimony, which does not raise a triable issue of fact. *Sitrick v. Dreamworks, LLC*, 2008 WL 269443 *6 (Fed. Cir. 2008) (citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1278 (Fed. Cir. 2004)) (Exh. F).

## IV. ARGUMENT

### A. Summary Judgment on Back to Basics' Anticipation Claim Is Appropriate

Back to Basics has not produced sufficient evidence to establish anticipation. Dr. Rashidi, Back to Basics' invalidity expert, *admitted* that Jacobsen, Harris, Wayne and Vita-Mix 3600/4000 each do *not* disclose at least one element of claim 1.[3] Dr. Rashidi further testified that the remaining anticipation reference, Wayne, is *not* enabled. (Exh. E, Rashidi Deposition at 146:4-13; 146:20–147:2.) Back to Basics therefore cannot prove anticipation, and Vita-Mix's summary judgment motion should be granted.

#### 1. Dr. Rashidi Admits That Each Reference Is Missing At Least One Element of Claim 1

Dr. Rashidi admits that Jacobsen does *not* disclose at least the following three elements of claim 1 of the '021 patent: (1) preventing the formation of an air pocket; (2) a member associated with the blades; and (3) a plunger having a cross-sectional size approximating the cross-sectional size of the member. Dr. Rashidi testified:

> Q:     So is it accurate, then, that Jacobsen does not disclose air pockets or preventing air pockets?

---

[3] Dr. Rashidi testified that his entire anticipation analysis and opinion is included in the Rashidi Report. (Exh.E, Rashidi Deposition at 87:7–88:2.)

A:    It does not talk about air pockets and that's exactly what the Vita-Mix has used to allow -- to get allowance for this claim because they say they are the only and first ones who talk about air pocket and deleterious problems of an air pocket, and how could Jacobsen, who doesn't know about this, would offer solution?

\*       \*       \*

Q:    Can you show me where Jacobsen discloses or teaches that the foot of the stirring rod, 10, the cross-sectional size must approximate the cross-sectional size of a member associated with the blades?

A:    Again, none of these patents explicitly talk about equivalency or approximation of the cross-sectional sizes but to a person of ordinary skill in the art, these are obvious.

Q:    Can you tell me where Jacobsen even discloses a member associated with the blades in its specifications?

A:    He doesn't, he doesn't, but it is there, so for a person of ordinary skill in the art, they can see it.

Q:    So even though Jacobsen -- the specification does not identify or reference any member associated with the blades, it's still your opinion that it's -- that Jacobsen teaches that its cross-sectional size must approximate the cross-sectional size of stirring rod 10?

A:    I'm not saying that. I'm saying for a person of ordinary skill in the art, they see that there is a member associated with the blade which is a hub diameter and there is a rod which they have the approximate cross-sectional sizes.

(Exh. E, Rashidi Dep. at 94:21–95:12; 395:12–396:14.)

Dr. Rashidi also admits that Harris does _not_ disclose the following claimed elements of claim 1 of the '021 patent: (1) preventing the formation of an air pocket, (2) a member associated with the blades, and (3) a plunger having a cross-sectional size approximating the cross-sectional size of the member:

Q:    You do agree with me, though, that Harris does not disclose a method of preventing the formation of an air pocket?

A:    The only patent which directly does that is Wayne.

\*       \*       \*

Q:     Can you show me where Jacobsen discloses or teaches that the foot of the stirring rod, 10, the cross-sectional size must approximate the cross-sectional size of a member associated with the blades?

A:     Again, *none of these patents* explicitly talk about equivalency or approximation of the cross-sectional sizes but to a person of ordinary skill in the art, these are obvious.

\*        \*        \*

Q:     Dr. Rashidi, I'm going to hand to you what's been marked as Plaintiff's Exhibit 112. It's the Harris patent, patent number 3,346,029.

A:     Uh-huh.

Q:     Take a look at figure 1. Is it your opinion that the spatula 10, the bottom of it approximates the member associated with the blades?

A:     *Actually it's larger than the hub portion of the blade* so –

Q:     So it does not approximate?

A:     *It does not approximate,* but if the allegation of '021 patent is correct, this is supposed to work even better than Vita-Mix.

(*Id*. at 98:11-15; 395:12–396:14; 407:18– 408:7 (emphasis added).)

Dr. Rashidi further admits that a Vita-Mix 3600/4000 does *not* disclose the following claimed elements of claim 1 of the '021 patent: (1) preventing the formation of an air pocket, (2) a member associated with the blades, and (3) a plunger having a cross-sectional size approximating the cross-sectional size of the member. Dr. Rashidi testified:

Q:     The Vita-Mix 3600 and 4000 blenders, do you recall those?

A:     Yeah.

Q:     *Do those disclose a method of preventing the formation of an air pocket around rotating blades?*

A:     *No.*

\*        \*        \*

Q:     Can you show me where Jacobsen discloses or teaches that the foot of the stirring rod, 10, the cross-sectional size must approximate the cross-sectional size of a member associated with the blades?

A:     Again, *none of these patents* explicitly talk about equivalency or approximation of the cross-sectional sizes but to a person of ordinary skill in the art, these are obvious.

(*Id*. at 98:23–99:4; 395:12–396:14 (emphasis added).)

Finally, Dr. Rashidi admits that Wayne does *not* disclose a plunger having a cross-sectional size approximating the cross-sectional size of the member. Dr. Rashidi testified:

> Q:  Can you show me where Jacobsen discloses or teaches that the foot of the stirring rod, 10, the cross-sectional size must approximate the cross-sectional size of a member associated with the blades?
>
> A:  Again, *none of these patents* explicitly talk about equivalency or approximation of the cross-sectional sizes but to a person of ordinary skill in the art, these are obvious.

(*Id*. at 395:12–396:14 (emphasis added).)

Dr. Rashidi's testimony conclusively establishes that Jacobsen, Harris, Wayne and Vita-Mix 3600/4000 do *not* disclose each and every element of claim 1, as required to prove anticipation. *C.R. Bard, Inc.*, 157 F.3d at 1349 (a patent is not anticipated if a single claim element is absent from an alleged prior art reference). Back to Basics therefore cannot meet its burden, and summary judgment is appropriate with respect to anticipation.

> 2.  <u>Dr. Rashidi Admits That Wayne In Not Enabling</u>

Summary judgment also is appropriate because Dr. Rashidi admits that Wayne lacks enablement. *See Elan Pharmaceuticals*, 346 F.3d at 1054 (purported prior art reference must be enabling to anticipate). Dr. Rashidi testified that Wayne was *not* enabling:

> Q:  So based on the Wayne patent and what it discloses, *you don't believe* today as we're sitting here, and especially compared to Vita-Mix's '021 patent, *that the Wayne patent itself is even enabling; is that accurate*?
>
> A:  *That is accurate* – Wayne may not work either. In other words, *in my opinion, Vita-Mix does not work and Wayne may not work either.*
>
> \*       \*       \*
>
> Q:  *So your opinion, then, is that neither* the Vita-Mix '021 patent *nor the Wayne patent are enabling to a person of ordinary skill in the art*?
>
> A:  Definitely. On the Vita-Mix I have tested, on the Wayne I have to test, but I give 90 percent that even this does not work (indicating).

(Exh. E, Rashidi Deposition at 146:4–146:13; 146:20–147:2.) Dr. Rashidi's admission that Wayne lacks enablement precludes a finding of anticipation based on Wayne. Summary judgment therefore should be entered in Vita-Mix's favor on this additional basis.

**B.**   **Summary Judgment Is Appropriate On Back to Basics' Obviousness Claim**

Back to Basics cannot establish through record evidence that the '021 patent would have been rendered obvious. In its only attempt to meets its burden, Back to Basics cites only one basis for obviousness, which requires a combination of *five* references to reach this conclusion. (Exh. D, Rashidi Report at 14.) As set forth below, Dr. Rashidi's sole obviousness opinion fails as a matter of law so that summary judgment is appropriate.

**1.**   Dr. Rashidi Cannot Rely on Wayne to Establish Obviousness

As with anticipation, a prior art reference must be enabling in order to be considered in an obviousness analysis. *Beckman Instruments, Inc.*, 892 F.2d at 1551. As set forth above, Back to Basics' invalidity expert Dr. Rashidi has opined that Wayne lacks enablement. (Exh. E, Rashidi Deposition at 146:4 – 146:13; 146:20 – 147:2.) Without Wayne available as a prior art reference, Dr. Rashidi testified that the remaining four references in his obviousness opinion were considered by the USPTO, and the USPTO granted claim 1 of the '021 patent over them. (Exh. E, Rashidi Deposition at 386:25 – 387:24.) Because Wayne is non-enabling and serves as one of the necessary references for Back to Basics' sole basis for obviousness, its obviousness claim fails as a matter of law, and summary judgment is appropriate.

**2.**   Dr. Rashidi Failed To Evidence Any Motivation To Combine

Summary judgment is further warranted on obviousness because Back to Basics failed to identify the required motivation to combine the references it identified. *See Takeda Chemical Indus., Ltd.* 492 F.3d at 1356-57. Dr. Rashidi did not identify any evidence of motivation for combining the five references that he believes are necessary to combine to render an opinion of

obviousness. The sole basis for Dr. Rashidi's motivation is a conclusory and inappropriate statement that Wayne – which Dr. Rashidi does not believe is enabling – "provides a reason and motivation for one of ordinary skill in the art to combine the elements of the prior art references discussed above in the manner claimed by the '021 Patent." (Exh. D, Rashidi Report at 23-24.) Yet Dr. Rashidi fails to explain how Wayne would have motivated a person of ordinary skill to combine the five references he cites for his opinion. (*Id*.) Dr. Rashidi's conclusory statements therefore are legally insufficient to prove obviousness. *See Upjohn Co.*, 225 F.3d at 1311.

Dr. Rashidi's deposition testimony demonstrates that his conclusory opinion regarding motivation is incorrect. At his deposition, Dr. Rashidi testified that he relied on improper hindsight evidence that was available only *after* the filing of the '021 patent to render his obviousness opinion. Dr. Rashidi testified:

> Q:    So you *did rely upon the patent prosecution of the '021 patent to -- in your obviousness analysis*?
>
> A:    *I have to, yeah.*
>
> Q:    In that second paragraph, the one that starts, "*During the prosecution*" on page 15 of your December 17 report –
>
> A:    Yes. Second paragraph, yes, sir.
>
> Q:    -- you state in the second sentence, "Vita-Mix attempted to overcome this anticipation rejection by Jacobsen by amending the then pending claims to require the plunger to be 'at all times out of the contact -- out of contact with the pitcher' and to, 'without moving, it prevents the formation of the air pocket'"; do you see that?
>
> A:    Exactly.

(Exh. E, Rashidi Deposition at 389:6-23 (emphasis added).) Dr. Rashidi's reliance on the '021 patent prosecution is by definition improper hindsight. *Richardson-Vicks Inc. v. Upjohn Co*, 122 F.3d 1476, 1480 (Fed. Cir. 1997) (obviousness of a patent claim is determined at time of constructive reduction to practice of invention, i.e., its filing date or earlier); *Leapfrog*

*Enterprises, Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1160 (Fed. Cir. 2007). Therefore, summary judgment is appropriate on this additional ground.

### C.    The '021 Patent is Enabled

Back to Basics never raised non-enablement as an invalidity basis in response to Vita-Mix's interrogatories on this issue. (*See* Exh. B, at 48-51, Focus Electrics, LLC's Responses to Plaintiff's Interrogatory No. 16; Exh. C, at 1-3, West Bends Housewares, LLC's Responses and Objections to Plaintiff's Interrogatory No. 18.) Indeed, the first time Back to Basics offered any "support" for this argument is the Rashidi Report, which was served on December 17, 2007. (*See generally* Exh. D. Rashidi Report.) Therefore, Dr. Rashidi's opinion is Back to Basics' sole basis for Back to Basics to support its claim of non-enablement.

The Federal Circuit has identified the following eight factors to be considered when determining whether the requisite amount of experimentation is undue: (1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims. *Elan Pharmaceuticals*, 346 F.3d at 1055. Dr. Rashidi did *not* identify *any* of these eight factors in his report. (Exh. D, Rashidi Report at 27-30.) Moreover, Dr. Rishidi's report demonstrates that he did not do *any* experimentation to determine whether or not "undue experimentation" would be necessary based on the disclosure of the '021 patent. (Exh. D, Rashidi Report at 27-20.) Dr. Rashidi's opinion on this issue therefore is incomplete, conclusory and insufficient. *See Sitrick v. Dreamworks, LLC*, 2008 WL 269443 *6.

After Vita-Mix served its expert rebuttal report discrediting Dr. Rashidi's unsupported opinion of non-enablement, Dr. Rashidi attempted rehabilitate himself during his deposition. While the his initial report makes *no* mention of any testing or experimentation, Dr. Rashidi

attempted for the first time to claim that the testing referred to in his later rebuttal report on infringement also constituted enablement testing. Dr. Rashidi testified:

> Q: So you agree with me, then, that you did not identify any testing in your enablement analysis in your expert report of December 17, 2007; is that accurate?
>
> A: I based my opinion based on those tests because if you look at those tests it was done prior to this report.
>
> *     *     *
>
> Q: So in other words, you do not state -- even though you said your opinion here of December 17, 2007 is your full opinion and it sets forth all your bases, you did not include any experimentation supporting your enablement analysis; is that accurate?
>
> A: That's accurate, yeah.

(Exh. E, Rashidi Deposition at 76:9-15; 77:14-20.) Dr. Rashidi later testified that the only testing he conducted – which was characterized _only_ infringement testing in his report – was a handful of tests of the accused Back to Basics products and Vita-Mix's product:

> Q: Did you test the Back to Basics blenders to determine –
>
> A: Exactly. Exactly.
>
> Q: -- enablement? Let me ask the question again, sir. I'm sorry. Let me ask it again. Did you test the Back to Basics blenders to determine enablement?
>
> A: Exactly.
>
> Q: Did you do any other testing other than testing the Vita-Mix blenders or the Back to Basics blenders to determine enablement?
>
> A: You mean other blenders or these two only?
>
> Q: Any other blenders.
>
> A: No. I only worked with Back to Basics and Vita-Mix.
>
> Q: So your basis for enablement is based only on the testing of Vita-Mix blenders and of Back to Basics blenders; is that right?
>
> A: Exactly. That's right.
>
> Q: So you did no testing, for example, to create your own blender; is that right?
>
> A: Absolutely.
>
> Q: No?

A:     I haven't, no. I just used the two blenders which were available to me.

Q:     So you didn't do any testing to, for example, create or design your own blender to determine whether or not it could fall under claim one of the '021 patent, right?

A:     No, no. I just worked with the Vita-Mix and Back to Basics.

Q:     So your opinion on enablement is solely based on your testing of the Vita-Mix and the Back to Basics blenders?

A:     That's true. That's true.

(Exh. E, Rashidi Deposition at 150:10–151:25.) Dr. Rashidi's failure to cite to any of the infringement testing in his invalidity report – and his later attempt to generally classify that testing as "enablement" testing after being discredited by Back to Basics' rebuttal expert – demonstrates that his opinion on this issue is conclusory at best and cannot support a finding of non-enablement by clear and convincing evidence.

Moreover, Dr. Rashidi's last-second attempt to characterize his infringement testing as "enablement" testing during his deposition proves nothing because Back to Basics *cannot* establish lack of enablement based on an analysis of the accused device. *Durel Corp*, 256 F.3d at 1306. Therefore, even if the Court did not preclude Dr. Rashidi's testimony and somehow permitted Back to Basics to rely on his infringement testing (which again was not disclosed in his invalidity report), Back to Basics' claim would still fail as a matter of law because that testing was based on the accused products and does not by itself satisfy the eight factors required for a determination of undue experimentation. Thus, summary judgment on Back to Basics' lack of enablement claim is appropriate.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Vita-Mix asks this Court to grant summary judgment in its favor on Back to Basics' Affirmative Defenses and First Counterclaim of Invalidity.

Respectfully submitted,

DATED: February 22, 2008

_____/s/ David B. Cupar_____
Michael L. Snyder (0040990)
 *msnyder@mcdonaldhopkins.com*
David T. Movius (0070132)
 *dmovius@mcdonaldhopkins.com*
David B. Cupar (0071622)
 *dcupar@mcdonaldhopkins.com*
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Attorneys for Vita-Mix Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on February 22, 2008, a copy of **Vita-Mix Corporation's Motion for Summary Judgment on Defendants' First Counterclaim and Affirmative Defense for Patent Invalidity** and **Memorandum in Support** was via the Court's ECF system and can be accessed by the parties.


/s/ David B. Cupar

*One of the Attorneys for Vita-Mix*