UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VITA-MIX CORPORATION, | : | CIVIL ACTION NO.: 1:06CV2622 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE PATRICIA A. GAUGHAN |
| v. | : | |
| | : | |
| BASIC HOLDING, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**VITA-MIX CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' FIRST
COUNTERCLAIM AND AFFIRMATIVE DEFENSE OF PATENT INVALIDITY**

Plaintiff Vita-Mix Corporation ("Vita-Mix") submits this reply in support of its motion for summary judgment on defendants Basic Holding, Inc. f/k/a Back to Basics Products, Inc., Focus Products Group, LLC, Focus Electrics, LLC and West Bend Housewares, LLC's (collectively, "Back to Basics") first counterclaim and affirmative defense of patent invalidity. (Dkt. No. 125.)

**I.  INTRODUCTION**

In its motion, Vita-Mix established that Back to Basics: (1) fails to establish anticipation because none of Harris, Vita-Mix 3600/4000, Jacobsen, or Wayne disclose each element of claim 1; (2) fails to establish obviousness because Back to Basics cannot evidence motivation to show the "approximating" element in claim 1 or evidence that Wayne is enabling; and (3) fails to establish non-enablement because Dr. Rashidi did not conduct the necessary analysis. (Dkt. No. 125, Mem. in Supp.)

In response, Back to Basics argues that "Vita-Mix relies upon sound bites in an attempt to misconstrue Dr. Rashidi's testimony" and that "his expert report is in direct contradiction of this

argument." (Dkt. No. 163, Opp. at 5.) Despite submitting an over-length brief without leave, Back to Basics fails to identify a single instance where Dr. Rashidi's report (the "Rashidi Report") contradicts either his testimony or Vita-Mix's arguments.[1] (*Id.* at 5, 19, 22, & 26.) Dr. Rashidi's testimony shows that when he was forced at his deposition to take a definitive position on the facts and his analysis, he did not – and could not – support the conclusory opinions in his report. Therefore, to the extent there is a conflict between Dr. Rashidi's testimony and his report, neither is sufficient to give rise to any genuine issues of material fact.

Back to Basics' reliance on Dr. Rashidi's opinion is also misplaced because Back to Basics admits that his validity opinion is based on comparing the Court's construed claim to Vita-Mix's infringement contentions. (*Id.* at 5.) Dr. Rashidi's use of Vita-Mix's *infringement* analysis to render his *validity* opinion is contrary to the necessary two-step validity analysis for evaluating Back to Basics' assertion of invalidity. *Key Pharms. V. Hercon Labs. Corp.*, 161 F.3d 709, 714 (Fed. Cir. 1998) (invalidity is a two step process: (1) claim construction and (2) compare construed claim to prior art). Because Back to Basics has represented that its validity arguments rely solely on Dr. Rashidi's flawed opinion, Back to Basics has failed to offer any legally-sufficient evidence and its claim must fail as a matter of law.

Back to Basics does not apply the Court's claim construction but rather attempts to reargue the construction of claim 1, which is wrong as a matter of law. (Dkt. No. 163, Opp. at 2-3.) The Court's construction provides that claim 1 does not include "a *method of stirring to disperse, dislodge, or break-up* an air pocket after it has begun to form." (Dkt. No. 81, Claim

---

[1] Again, Back to Basics violates Local Rule 10.1, which requires all motions be "double-spaced." *See* L.R. 10.1. Back to Basics used less than double spacing to add roughly four additional lines of text per page, which would put its motion four pages over the 30-page limit. This is at least the second time in recent weeks Back to Basics has improperly circumvented the page limit by using less than double spacing for its briefs. (*See also* Dkt. No. 148.) Despite submitting an opposition that is well over the page limit, Back to Basics fails to raise genuine issues of material fact that are sufficient to withstand summary judgment.

Construction Order at 20-21 (emphasis added).) Despite this clear and unambiguous construction, Back to Basics incorrectly argues that claim 1 excludes *all* stirring. For this reason, Back to Basics' reliance on the prosecution history is irrelevant to invalidity. (*See generally* Dkt. No. 81, Claim Construction Order); *See Micro Chem., Inc. v. Great Plains Chem. Co., Inc.*, 194 F.3d 1250, 1260 (Fed. Cir. 1999). Back to Basics' failure to apply the Court's claim construction is wrong as a matter of law.

Finally, the Court should grant Vita-Mix's motion and enter summary judgment of no invalidity because Back to Basics' opposition: (1) fails to establish that a single reference discloses each element of claim 1 to anticipate; (2) identifies a *new*, unsupported obviousness argument on which Dr. Rashidi did *not* opine; and (3) fails to address any of the *eight* enablement factors but rather raises one argument that the USPTO already considered during prosecution yet granted the '021 patent. Back to Basics therefore has failed to come forward with sufficient evidence to support its invalidity claim and the Court should grant summary judgment of no invalidity in favor of Vita-Mix.

**II.    LEGAL STANDARD**

Vita-Mix's motion presented overwhelming evidence that Back to Basics' invalidity claim is without merit. (Dkt. No. 125, Mem. in Supp.) As the non-moving party having the burden of proof at trial, Back to Basics therefore must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.,* 53 F.3d 146, 150 (6th Cir. 1995). It is not enough for Back to Basics to present a "mere scintilla of evidence" or raise "some metaphysical doubt" regarding Vita-Mix's evidence. *Anderson v. Liberty Lobby,* 477 U.S. 242, 252 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, Back to Basics must "set forth *specific facts* showing that there is *genuine issue* for

trial." Fed. R. Civ. P. 56(e) (emphasis added). Vita-Mix's motion should be granted because Back to Basics has not met its burden.

### III. ARGUMENT

#### A. Summary Judgment of No Anticipation Is Appropriate

Back to Basics' anticipation claim under 35 U.S.C. § 102 fails because Back to Basics has not established that any of Harris, Vita-Mix 3600/4000, Jacobsen, or Wayne disclose each element of claim 1. (Dkt. 163, Opp. at 13-17.) Significantly, Back to Basics' opposition does *not* cite to the Rashidi Report or his deposition testimony in making its anticipation arguments. (*Id.*) Instead, Back to Basics relies solely on attorney argument that those references themselves are anticipatory. (*Id.*) As the Court previously has held, summary judgment of no anticipation is appropriate when, as is the case here, a defendant does not present evidence or cite to the allegedly-anticipatory reference for each and every element of the patent-in-suit. *Emerson Elec. Co. v. Spartan Tool, LLC,* 223 F.Supp. 2d 856, 904-909 (N.D. Ohio 2002) (Gaughan, J.).

Back to Basics' attorney arguments and avoidance of both the Rashidi Report and Dr. Rashidi's testimony cannot establish anticipation. In fact, Back to Basics' citation to Dr. Rashidi's testimony further supports Vita-Mix's motion. Back to Basics' opposition cites to and relies on the following testimony, in which Dr. Rashidi testifies that Harris does *not* disclose the "approximating" element:

> Q: Take a look at figure 1. Is it your opinion that the spatula 10, the bottom of it approximates the member associated with the blades?
>
> A: *Actually it's larger than the hub portion of the blade* so –
>
> Q: So it does not approximate?
>
> A: *It does not approximate,* but if the allegation of '021 patent is correct, this is supposed to work even better than Vita-Mix. [2]

---

[2] While Back to Basics makes the unsupported argument that Vita-Mix attempts "to misconstrue" Dr. Rashidi's deposition testimony, Back to Basics itself quotes the same testimony throughout its opposition. A number of Back

(Dkt. No. 163, Opp. at 7 (emphasis added).) That testimony alone is a sufficient basis for the Court to grant summary judgment of no anticipation.

Furthermore, Back to Basics' opposition does *not* rebut Dr. Rashidi's testimony that none of Harris, Jacobsen and the Vita-Mix 3600/4000 disclose the "preventing the formation of an air pocket" element. (Dkt. No. 125, Mem. in Supp. at 8-11.) Avoiding the fact that it cannot show each element of claim 1 in these references, Back to Basics' incorrectly argues that those references can nevertheless anticipate so long as a person of ordinary skill would understand that those references disclose every element. (Dkt. No. 163, Opp. at 10.) That argument is wrong as a matter of law. To prove invalidity by anticipation, *every* claim element must be disclosed in a *single* prior art reference:

> [A]n invention is anticipated if the same device, including all the claim limitations, is shown in a single prior art reference. Every element of the claimed invention must be literally present, arranged as in the claim. The identical invention must be shown in as complete detail as is contained in the patent claim.

*Emerson,* 223 F.Supp. 2d at 904 (citation omitted). Back to Basics' attempt to substitute the analysis for obviousness under 35 U.S.C. § 103 in place of the analysis required to establish anticipation under § 102 is not sufficient to give rise to a genuine issues of material fact.

With respect to the only other reference at issue, Back to Basics' attorney argument that Wayne discloses the "approximating" element lacks factual support and is contrary to Dr. Rashidi's testimony. In its opposition, Back to Basic specifically identifies the auger as the "device" and the bearing housing as the "member associated with the blades." (Dkt. No. 163, Opp. at 13-14.) However, Back to Basics *does not measure them to determine whether they are "approximating"* as required by claim 1. (*Id*.) Dr. Rashidi, who admitted at his deposition that he

---

to Basics' quotations, such as this one, demonstrate that there is no genuine issue of material fact, and Vita-Mix attaches Dr. Rashidi's full deposition transcript as Exhibit A to avoid any question that his testimony supports granting summary judgment of no invalidity.

never measured any of the prior art references – including Wayne – to determine whether they meet the "approximating" element, confirms that failure. (Exh. A, Rashidi Dep. at 163:1-7.) Then, when he was asked at his deposition to measure Wayne for the first time, Dr. Rashidi annotated Figure 3 of Wayne and testified that the bearing housing is *218% larger* than the auger, as follows:



> Q: Based on your measurements, *the cross-sectional size of the bearing housing [38] which is identified as 24 millimeters is about 218 percent larger than the cross-sectional size of the auger component [43]*; is that accurate?
>
> A: *That's accurate, yes.*

**Annotated Figure 3 of Wayne**

(Exh. A, Rashidi Dep. at 178:24-179:4 (emphasis added).) Back to Basics does not address this fatal testimony. Instead, Back to Basics retreats to its fallback position that Vita-Mix somehow incorrectly cited Dr. Rashidi's admissions. (Dkt. No. 163, Opp. at 8.) However, Back to Basics cannot avoid the plain fact that Dr. Rashidi testified that *none of the patents* including Wayne disclose the approximating element:

> Q: Can you show me where Jacobsen discloses or teaches that the foot of the stirring rod, 10, the cross-sectional size must approximate the cross-sectional size of a member associated with the blades?

> A: Again, *none of these patents explicitly talk about equivalency or approximation of the cross-sectional sizes* but to a person of ordinary skill in the art, *these are obvious*.

(Exh. A, Rashidi Dep. at 395:12–395:20 (emphasis added).) Based on this testimony by Dr. Rashidi, there can be no dispute that Back to Basics has failed to present any evidence that any of the allegedly anticipatory references disclose all of the elements of claim 1 of the '021 patent as required to prove anticipation.

Finally, Back to Basics' recharacterization of Dr. Rashidi's testimony that Wayne lacks enablement was meant only "in the alternative" is contrary to the record. Dr. Rashidi *twice* confirmed his opinion that *both* the Vita-Mix blender *and* Wayne lack enablement:

> Q: So based on the Wayne patent and what it discloses, *you don't believe* today as we're sitting here, and especially compared to Vita-Mix's '021 patent, *that the Wayne patent itself is even enabling; is that accurate*?
>
> A: *That is accurate* – Wayne may not work either. In other words, *in my opinion, Vita-Mix does not work and Wayne may not work either.*
>
> \* \* \*
>
> Q: *So your opinion, then, is that neither* the Vita-Mix '021 patent *nor the Wayne patent are enabling to a person of ordinary skill in the art*?
>
> A: Definitely. On the Vita-Mix I have tested, on the Wayne I have to test, but I give 90 percent that even this does not work (indicating).

(Exh. A, Rashidi Dep. at 146:4–146:13; 146:20–147:2.)

Because (1) Back to Basics failed to show any necessary evidence of the "approximating" element and (2) Dr. Rashidi's admission that none of the patents disclose the "approximating" element but rather is obvious proves that Back to Basics cannot show a genuine issue of material fact. The Court therefore should grant Vita-Mix's summary judgment motion on Back to Basics' anticipation claim.

### B. **Summary Judgment of Non-Obviousness Is Appropriate**

Back to Basics also fails to establish any genuine issue of material fact with respect to its obviousness claim. Instead, Back to Basics' opposition identifies for the first time a *new* obviousness argument based on combining *four* references – Wayne, Harris, Jacobsen, and Vita-Mix 3600/4000 – that was not disclosed by Back to Basics in discovery.[3] (Dkt. No. 163, Opp. at 17-21.) Moreover, Dr. Rashidi *never* opined on Back to Basics' new position, but instead opined that obviousness requires the combination those four references with *Barros* as a necessary *fifth* reference. (Exh. A, Rashidi Dep. at 68:25-69:12, 385:5-13; Dkt. No. 163, Exh. C, Rashidi Report at 14.) Back to Basics' invalidity argument therefore is contrary to what it previously represented to the Court was the only support for its obviousness claim. (Dkt. No. 115, Order at 4-5.) Back to Basics' new obviousness claim therefore fails as a matter of law. *See Baldwin Graphic Systems, Inc. v. Siebert, Inc.*, WL 1300763 at 2 (N.D. Ill. 2005) (striking new invalidity arguments: "Defendant had the burden to prove that the patents-in-suit are invalid for obviousness or anticipation, if it chose to pursue those arguments, and arguments to that extent should have been included in its initial report.").

Furthermore, Back to Basics' new obviousness argument fails because none of the four references disclose the "plunger having a cross-sectional size approximating the cross-sectional size of the member" as required in claim 1. There can be no obviousness if the combination of references does not identify a claim element. *Velander v. Garner,* 348 F.3d 1359, 1363 (Fed. Cir. 2003) ("First, every claim limitation of the invention at issue must be found to exist in the prior art references."). Back to Basics cannot prevail on its obviousness argument because none of the

---

[3] Also, Back to Basics' motion for summary judgment of invalidity identifies another undisclosed obviousness argument based on four *different* references – Wayne, Jacobsen, *Barros* (but not Harris) and Vita-Mix 3600/4000 – to which Dr. Rashidi did not opine. (Dkt. No. 132.) Back to Basics' failure to rely on Dr. Rashidi's obviousness opinion in any of its briefing is fatal to its obviousness claim.

four references identify preventing the formation of air pockets by "approximating" the cross-sectional size of the plunger to the member associated with the blades.

Back to Basics also fails to provide evidence of motivation to combine the four references to have rendered claim 1 obvious. (Dkt. No. 163, Opp. at 17-21.) Back to Basics' only evidence of motivation is the Rashidi Report in which Dr. Rashidi opined on a different combination of references. (*Id.*) Dr. Rashidi reviewed the same four references Back to Basics now argues is sufficient to prove obviousness and concluded that a fifth reference – Barros – was necessary to provide the motivation to reach claim 1. (Dkt. No. 163, Exh. C, Rashidi Report at 14.) Back to Basics provides no explanation as to why it now believes that it can apply Dr. Rashidi's motivation basis without including Barros. (Dkt. No. 163, Opp. at 17-21.) Having previously represented that it was relying exclusively on Dr. Rashidi's opinion, it cannot now shoehorn Dr. Rashidi's motivation analysis for combining *five* references as evidence of motivation to combine *four* references to reach claim 1.

Back to Basics also argues that the decision in *KSR Int'l Co. v. Teleflex Inc.,* 127 S.Ct. 1727 (2007) supports Dr. Rashidi's conclusory motivation opinion that "Wayne, which identifies the problem of an air pocket forming around the rotating blades of a blender and teaches the position of a device adjacent to and above the blades to solve this problem." (Dkt. No. 163, Opp. at 18-19.) This is incorrect as a matter of law because it merely identifies a problem that needs to be solved. Applying *KSR,* the Federal Circuit has *rejected* such a motivation as proof of obviousness, holding that "knowledge of a problem and motivation to solve it are entirely different from motivation to combine particular references to reach the particular claimed method." *Innogenetics, N.V. v. Abbot Laboratories*, 512 F.3d 1363, 1373 (Fed. Cir. 2008). Back to Basics' sole reliance on the Rashidi Report is fatal because it fails to analyze the next step,

namely how the mere existence of Harris, Jacobsen, and the Vita-Mix 3600/4000 would have motivated a person of ordinary skill to use a "plunger having a cross-sectional size approximating the cross-sectional size of the member" to prevent an air pocket as required in claim 1. The Rashidi Report's conclusory "problem/solution" opinion therefore is insufficient to prove motivation as a matter of law. *Innogenetics,* 512 F.3d at 1373.

By relying only on the Rashidi Report to show motivation, Back to Basics ignores Dr. Rashidi's candid testimony cited in Back to Basics' opposition where he admitted that Harris (see Fig. 1, right) would have motivated a person of ordinary skill to make the cross-sectional size _larger than_ the cross-sectional size of the member associated with the blades. (Dkt. 163, Opp. at 7.) Dr. Rashidi testified that Harris: (1) has a spatula that does _not_ approximate the "member;" (2) is "larger than the hub portion of the blade (*i.e.,* "member");" and (3) shows to a person of ordinary skill that the larger the cross-sectional size of the plunger the better it operates to prevent air pockets. (*Id.*) Despite citing to it, Back to 
FIG. 1

Basics' failure to address this contradictory testimony is fatal to its claim, especially since Dr. Rashidi's testimony that "if you make that size [of the plunger] bigger it's even better" _teaches away_ from the "approximating" element in claim 1. *KSR Int'l,* 127 S.Ct. at 1740 (accused infringer cannot prove motivation if the prior art teaches away from combining references to reach claim at issue). Back to Basics therefore has failed to sufficiently support its obviousness claim and the Court should grant summary judgment in favor of Vita-Mix.

### C.  Summary Judgment of Enablement Is Appropriate

Finally, Back to Basics' opposition fails to show any genuine issue of material fact for its enablement claim. Back to Basics fails to address why the Rashidi Report does not identify any enablement testing he claims to have performed. (Dkt. No. 125, Mem. in Supp. at 15-16.) Ignoring the expert disclosure requirements in the Federal Rule of Civil Procedure, Back to Basics relies instead on Dr. Rashidi's deposition testimony to argue that his unreported testing somehow creates a genuine issue of material fact. (Dkt. No. 163, Opp. at 24.) That is particularly true because Dr. Rashidi testified that he conducted such testing in the presence of counsel *prior to* submitting his report. (*Id.* at 23.) Back to Basics and Dr. Rashidi therefore knew all about his testing yet knowingly chose to not disclose it *because it does not evidence undue experimentation*. *AK Steel Cop. v. Sollac,* 344 F.3d 1234, 1244 (Fed. Cir. 2003). Back to Basics therefore cannot rely upon the undisclosed testing as evidence of a genuine issue of material fact. *See Innogenetics,* 512 F.3d at 1374 (affirming preclusion of untimely invalidity argument); *Baldwin Graphic*, WL 1300763 at 2.

Beyond that critical failure, Back to Basics' only evidence for its enablement argument is Dr. Rashidi's conclusory opinion that the failure "to disclose and account for numerous critical variables that affect the cause and formation of air pockets in blenders" somehow makes the '021 patent non-enabled. (Dkt. 163, Opp. at 22.) However, neither Back to Basics nor Dr. Rashidi apply that argument to the Federal Circuit's eight factor test for undue experimentation. (Dkt. No. 125, Mem. in Supp. at 14.) Dr. Rashidi's identification that variables exist during blender operation is *not* evidence of undue experimentation necessary to prove enablement.

In making its "numerous critical variables" argument, Back to Basics' opposition incorrectly *ignores* the '021 patent *specification* that discloses those variables:

> More particularly, the present invention relates to a device which can be inserted into a *high speed liquid food blender* which prohibits the formation of a dead space or air pocket often formed in such blenders….
>
> *High speed liquid food blenders* most often utilize propeller-like blades to pulverize and otherwise mix the food being processed.
>
> However, *particularly when mixing thicker, more viscous liquids*, a channel of air is often formed extending from above the blades to the top of the blender...
>
> *Pitcher 14 can be of any conventional configuration*….
>
> *Blade assembly 24 can be of any conventional configuration*...
>
> In the absence of the plunger accessory 10, *and in particular when processing viscous fluids*, such action may tend to form an air channel...

(Dkt. No. 1, Compl. at Exh. A, '021 patent at col. 1-4.) *See also AK Steel Corp,* 344 F.3d at 1244 (specification must be reviewed in enablement analysis). Significantly, Back to Basics' opposition does not address these disclosures in the '021 patent specification or why such disclosures would require undue experimentation. (Dkt. No. 163, Exh. A, Rashidi Report at 27 ("the '021 patent only discloses that the size and shape of the air channel, specifically its cross-sectional size is defined by a member associated with the blades.").) Back to Basics also fails to address why a person of ordinary skill in the art would not know those variables. *See In re Wands,* 858 F.3d 731, 735 (Fed. Cir. 1988) ("A patent need not disclose what is well known in the art.") Therefore, Back to Basics' assertion that such variables are not disclosed in the '021 patent is incorrect and does *not* create a genuine issue of material fact.

Back to Basics' singular enablement argument also fails because the USPTO considered that very same argument during the '021 patent prosecution and *allowed* claim 1. The USPTO stated in the January 21, 1993 Office action:

> [A] formation of an air pocket is a function of many variables such as the viscosity of the substance being blended and the power output of the blender. The examiner concludes that other factors such as the design of the mixing blades, the

> geometry of the pitcher, and mixing blade rotational speed all play factors in determining whether or not an air pocket is formed.

(Dkt. No. 163 at Exh. B, January 21, 1993 Office Action at 6-7.) While raising this, the USPTO *never* rejected claim 1 of the '021 patent on that basis but rather allowed it to issue. Back to Basics' burden of proving non-enablement by clearing and convincing evidence is much higher the USPTO's *prima facie* standard, especially because the USPTO considered and rejected this very argument. *In re Wright*, 999 F.2d 1557, 1562, (Fed. Cir. 1993) (in making a rejection on non-enablement grounds, the examiner need only establish a reasonable basis to question the enablement provided for the claimed invention). If the USPTO did not believe that such variables constituted non-enablement under a low *prima facie* standard, then Back to Basics cannot prove its higher burden by clear and convincing evidence.

Back to Basics fails to appreciate that its enablement argument, while insufficient to withstand summary judgment on its own merits, also undermines its inequitable conduct claim that John Barnard made a false statement in his 1992 declaration. Back to Basics' citation of Dr. Rashidi's opinion testimony that a lower RPM means that an air pocket is less likely to form is *consistent* with Mr. Barnard' 1992 declaration statement that the air pocket "problems do not exist, or is very small, in the lower powered blenders of the competition." (Dkt. No. 163, Opp. at 23; Exh. B, Barnard Decl. at ¶ 7.) However, Back to Basics has taken the duplicitous position that Mr. Barnard's 1992 declaration statement is false and constitutes inequitable conduct. (Dkt. No. 123 & 128, motion for summary judgment on inequitable conduct claim.) The Court has found such baseless inequitable conduct accusations "offensive and unprofessional:"

> [U]njustified accusations of inequitable conduct are offensive and unprofessional. They have been called a "plague" on the patent system. Unjustified accusations may deprive patentees of their earned property rights and impugn fellow professionals. They should be condemned.

*Emerson,* 223 F.Supp. 2d at 923 (citations omitted). Therefore, Dr. Rashidi's opinion does not

{1454494:4} 13

evidence of non-enablement because of what is disclosed in the '021 patent specification, but does evidence that Mr. Barnard's 1992 Declaration is true and the '021 patent is enabling.

Finally, the Miller documents do not support Back to Basics' enablement argument. The Miller documents are directed to a *blender container* capable of preventing air pockets "without manual intervention" such as using a plunger or device. By using a specific blender container design, the invention disclosed in the Miller documents solves the air pocket problem in a completely different manner than does claim 1 of the '021 patent. That is *not* evidence of non-enablement. Moreover, Back to Basics' argument "that it did not have the benefit" of the Miller documents for Dr. Rashidi is without support because it admittedly has now had more than six weeks for Dr. Rashidi to have supplemented his report on the basis of Miller. (*See* Dkt. No. 153, Order.) Back to Basics failed to do so. Therefore, Back to Basics has failed to establish a genuine issue of material facts such that summary judgment on its enablement claim is appropriate.

## VI. CONCLUSION

For all of the foregoing reasons, Vita-Mix asks this Court to grant its motion for summary judgment on invalidity (Dkt. No. 125).

Respectfully submitted,

DATED: April 17, 2008

/s/David B. Cupar
Michael L. Snyder (0040990)
 msnyder@mcdonaldhopkins.com
David T. Movius (0070132)
 dmovius@mcdonaldhopkins.com
David B. Cupar (0071622)
 dcupar@mcdonaldhopkins.com
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Attorneys for Vita-Mix Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 17, 2008, a copy of ***Vita-Mix Corporation's Reply In Support of Its Motion for Summary Judgment on Defendants' First Counterclaim and Affirmative Defense of Patent Invalidity*** was filed was via the Court's ECF system and can be accessed by the parties.

## CASE AND PAGE CERTIFICATION

The undersigned confirms that this supporting memorandum adheres to the page limitation of thirty (30) pages set forth in Local Rule 7.1(f) for dispositive motions in "complex" track cases.

/s/David B. Cupar  
*One of the Attorneys for Vita-Mix*
