**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VITA-MIX CORP.** | ) | **CASE NO. 06 CV 2622** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **BASIC HOLDING, INC.,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon four motions: defendants' Motion for Attorneys' Fees (Doc. 206); plaintiff's Motion to Strike Defendants' Reply or, in the alternative, Motion for Leave to file a Surreply (Doc. 222); plaintiff's Motion to Strike Defendants' Bill of Costs (Doc. 213); and plaintiff's Motion for Review of Defendants' Bill of Costs (Doc. 215). This is a patent infringement action. For the reasons that follow, defendants' Motion for Attorneys' Fees is DENIED. Plaintiff's Motion to Strike Defendants' Reply is GRANTED. Plaintiff's Motion to Strike Defendants' Bill of Costs is GRANTED. Plaintiff's Motion for Review of Defendants' Bill of Costs is DENIED as MOOT.

**FACTS**

Plaintiff, Vita-Mix Corporation ("Vita-Mix" or "plaintiff"), brought this action against defendants, Basic Holding, Inc., f/k/a Back to Basics Products, Inc. ("Back to Basics"), Focus Electrics, LLC ("Focus Electrics"), Focus Products Group, LLC ("Focus Products") and West Bend Housewares, LLC ("West Bend") (collectively, "defendants").

In its first amended complaint, plaintiff alleged infringement of Claim 1 of U.S. Patent No. 5,302,021 ("the '021 Patent"); false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); violation of Ohio's deceptive trade practices act, Ohio Rev. Code §§ 4165.01 and 4165.02; and common law trademark infringement and unfair competition.

Defendants asserted four counterclaims alleging non-infringement, invalidity, and unenforceability of the '021 patent; inequitable conduct; false or misleading descriptions in violation of the Lanham Act; and violation of Ohio's deceptive trade practices act.

The case was initiated on October 30, 2006.  Claim 1 was construed by the Court on September 10, 2007.  Fact discovery closed December 31, 2007.  On motions for summary judgment, the Court found that Claim 1 of the '021 Patent is not invalid.  The Court also found that the patent is not unenforceable for inequitable conduct.  However, the Court held that defendants have not infringed Claim 1 of the '021 Patent.  The Court also declined to find trademark infringement or unfair competition by any party.  (Doc. 202).  In sum, all of the claims were dismissed.  Judgment was entered against plaintiff on its affirmative claims and judgment was entered against defendants on their counterclaims.  (Doc. 203).

Defendants now move for attorneys' fees.  Defendants have also asked the Clerk of Court to tax their costs to plaintiff.  Plaintiff has moved to strike defendants' bill of costs.  In

the alternative, plaintiff moves for a review of defendants' costs to determine if all costs are properly taxable. Each motion is opposed.

## **DISCUSSION**

*A.    Attorneys' Fees*

Both the Patent Act and the Lanham Act provide that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285; 15 U.S.C. § 1117.

As the statutes indicate, a court may award attorneys' fees only if the case is "exceptional," the moving party "prevailed" in the action and the fees awarded are "reasonable." *See also Mach. Corp. of Am. v. Gullfiber*, 774 F.2d 467, 470 (Fed. Cir. 1985).[1] The prevailing party must establish the exceptional nature of the case by clear and convincing evidence. *Id.* at 471. Even if the case is deemed exceptional, the decision whether or not to award fees lies within the district court's discretion. *Id.*

Defendants put much effort into establishing that the present case should be deemed "exceptional." However, as plaintiff points out, defendants present no evidence or argument in support of the reasonableness of the fees sought - a required showing under both the Patent Act and the Lanham Act. Defendants merely set forth "a fair estimate" of their fees. No affidavit is provided to explain how defendants arrived at this "fair estimate," whether it accounts for fees incurred only in defending against plaintiff's affirmative claims, whether it

---

[1]

> The Court of Appeals for the Federal Circuit applies its own law in determining whether to award attorneys' fees under 35 U.S.C. § 285. *Serio-US Indus. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311 (Fed. Cir. 2006).

3

includes fees incurred in bringing their own counterclaims or what amounts can be allocated to defending against the patent claims as opposed to the trademark claims.  For this reason alone, defendants' motion must fail.  Defendants' request in their reply brief to "submit a specific accounting for [costs and] fees" comes too late.  Given that defendants' motion seeks a specific dollar value in fees rather than a simple declaration that the case is "exceptional," the motion should have been supported with this evidence in the first instance.  Defendants' motion for attorneys' fees is denied.

Plaintiff also moves to strike the new evidence and affidavits included in defendants' reply brief (none of which, the Court notes, support defendants' position that the fees sought are reasonable).  The motion to strike is granted for the reasons stated therein.

*B.   Costs*

The Court entered judgment on July 1, 2008.  As stated above, judgment was entered in favor of defendants on plaintiff's claims and in favor of plaintiff on defendants' counterclaims.  On July 16, defendants filed a Bill of Costs with the Clerk of Court.  Defendants' Bill of Costs totals $103,684.45.  The Clerk taxed defendants' costs to plaintiff on August 7.  On August 14, plaintiff filed its motion to strike defendants' Bill of Costs or, in the alternative, to hold any decision on the Bill of Costs in abeyance until conclusion of the parties' cross-appeals in this matter.  Plaintiff also filed a motion for review of defendants' Bill of Costs pursuant to Rule 54(d).  Plaintiff has also submitted its own Bill of Costs.  Plaintiff's Bill of Costs totals $102,364.06.

Costs "should be allowed" to a prevailing party.  Fed. R. Civ. P. 54(d)(1).  Whether a party has prevailed is a matter of Federal Circuit law and is reviewed *de novo*.  *Power Mosfet*

*Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396 (Fed. Cir. 2004).  However, the district court's ultimate decision to award or deny costs is reviewed under regional circuit law.  *Id.*  In the Sixth Circuit, there is a presumption in favor of awarding costs to a prevailing party, but a court may deny costs at its discretion.  *White & White v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).  The district court has the discretion to tax the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The Sixth Circuit has described "several circumstances in which a denial of costs is a proper exercise of discretion under the rule."  *White*, 786 F.2d at 730.

> Such circumstances include cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large", cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are "close and difficult."

*Id.* (internal citations omitted).  "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case."  *Id.* at 732-33.

The court is not to consider the size of a successful litigant's recovery or the ability of

the prevailing party to pay his or her costs.  *Id.*  Certain other factors "may be considered but, in the absence of other relevant factors, do not warrant an exercise of discretion under Rule 54(d)." *Id.*  These factors include the good faith a losing party demonstrates in filing, prosecuting or defending an action and the propriety with which the losing party conducts the litigation.  *Id.*

In its motion to strike, plaintiff argues that defendants are not the "prevailing party" in this action.  Plaintiff seeks instead to have the Court find that plaintiff is the prevailing party and to tax its costs to defendants.  Plaintiff's rationale is that the asserted value of defendants' counterclaims was much greater than the asserted value of plaintiff's claims.  Thus, by having secured judgment on the more valuable claims, plaintiff prevailed.  Plaintiff also points out that defendants did not appeal the judgment entered in plaintiff's favor on several of the counterclaims.  As a result, the judgment on these counterclaims cannot be reversed and plaintiff must be considered the prevailing party on at least that portion of the judgment that was not appealed.  Alternatively, plaintiff asks the Court to forego rendering a decision on allocation of the parties' costs until after the appeals have been concluded, because the prevailing party status depends on the outcome of those appeals.

Defendants argue that they have prevailed because plaintiff's patent infringement claim, and "to a lesser degree" plaintiff's trademark infringement claim, formed the "central basis" for and a "substantial part" of the litigation.  *See Schultz v. United States*, 918 F.2d 164, 166 (Fed. Cir. 1990).  Defendants further point out that they did actually prevail on their request for a declaration of no patent infringement.  Defendants also argue that it would be advantageous for the Court to address the issue of costs now so that any appellate review may

6

proceed at the same time as the appeal on the merits. *See* Fed. R. Civ. P. 54, Advisory Committee Note (1993 Amendments) (discussing rationale for short time frame for filing motions for attorneys' fees under Rule 54(d)(2)).

At the outset, the Court declines to accept plaintiff's invitation to hold a decision regarding costs in abeyance pending the cross-appeals. The Court agrees with defendants that no harm will be done by deciding the issue now and any appellate review of the issue of costs may be decided with the appeal on the merits. *Cf. Stevenson v. Rayloc*, 114 Fed. Appx. 167, 171 (6th Cir. 2004) ("even if we were to overturn the district court's decision on the merits, the awarding of costs could be remedied on remand").

On the merits, the parties cite myriad cases on whether or not one of them can be considered a prevailing party. The more relevant cases demonstrate that courts often choose to exercise their discretion and decline to tax costs in close cases and cases in which there are mixed outcomes. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 670 (Fed. Cir. 2000) (plaintiff prevailed in that claims in patent were declared invalid, but district court did not abuse discretion in declining to tax costs where defendant prevailed on other claims); *B. Braun Med., Inc. v. Abbott Labs.*, 38 F. Supp. 2d 393 (E.D. Pa. 1999) (plaintiff secured declaration that claims of patent were not invalid; defendant secured declaration of no infringement; whether or not defendant was prevailing party, court declined in its discretion to tax costs); *Compro-Frink Co. v. Valk Mfg. Co.*, 595 F. Supp. 302 (E.D. Pa. 1982) (same); *see also Andretti v. Borla Performance Indus.*, 426 F.3d 824 (6th Cir. 1985) (plaintiff was the prevailing party; district court did not abuse discretion in declining to tax costs where plaintiff did not prevail on all claims).

7

In the instant case, it would be difficult to determine whether either party can be considered to have prevailed. *Compro-Frink Co. v. Valk Mfg. Co.*, 595 F. Supp. 302 (E.D. Pa. 1982) (each party lost on its affirmative claims; the court stated that "the problem in the present case, as previously noted, is in determining realistically who is the prevailing party."). Further, regardless of whether one party or the other may be deemed to have prevailed, the Court finds that this is a "close and difficult" case as judged by "the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." Accordingly, the Court will exercise its discretion and decline to tax costs to either party.

Plaintiff's motion to strike defendants' bill of costs is granted. Plaintiff's alternative motion for review of defendants' bill of costs is denied as moot.

### **CONCLUSION**

For the above-stated reasons, defendants' Motion for Attorneys' Fees is DENIED. Plaintiff's Motion to Strike Defendants' Reply is GRANTED. Plaintiff's Motion to Strike Defendants' Bill of Costs is GRANTED. Plaintiff's Motion for Review of Defendants' Bill of Costs is DENIED as MOOT.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 9/30/08